ELIZABETH KELTON WHITE *v*. J. N. KELTON *tc al.*

(JACKSON, April Term, 1921.)

1. **ACTION. Will not lie to construe deed involving future rights, where
title not disputed.**

   Where, after the proposed purchaser of property had objected to
   the title, the seller filed a bill of construe a deed under which he
   claimed, and which provided for a life estate in the seller on certain
   conditions, and that if the seller "should die without issue leaving
   no children surviving" the property was to revert to the grantor's
   heirs, the chancery court was without jurisdiction to decree a con-
   struction of the instrument, since it would involve a declaration of
   future rights, and since no one was disputing complainant's title.
   (*Post, pp.* 334-336.)

   Case cited and approved: Crosse v. De Valle, 1 Wall., 1, 15.

   Cases cited and distinguished: Meacham v. Graham, 98 Tenn., 197;
   Prichitt v. Kirkman, 2 Aenn., ch. 390; Langdale v. Briggs, 39 Eng.
   L. & Eq., 214; McCall v. McCall, 1 Tenn., ch., 500; Chichamauga
   Trust Co. v. Lonas, 139 Tenn., 235.

2. **LIFE ESTATE. Life tenant held not entitled to sell premises.**

   Where, after the proposed purchaser of property had objected to the
   title, the seller filed a bill to construe a deed under which he
   claimed, and which provided for a life estate in the seller on certain
   conditions, and that if the seller "should die without issue leaving
   no children surviving," the property was to revert to the grantor's
   heirs, the court would not pass upon the question as to whether
   the seller only had a life estate, nor as to the direction of the dis-
   position of the funds from the sale, since, even if the seller were a
   mere life tenant, she would have no legal right to have the prop-
   erty sold. (*Post, p.* 336.)

   Case cited and approved: McConnell v. Bell, 121 Tenn., 198.

FROM GIBSON.

Appeal from the Chancery Court of Gibson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. V. H. Holmes, Chancellor.

Taylor & Taylor, for plaintiff.

W. R. Landrum, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

The complainant, who was Elizabeth Kelton before her marriage, entered into a contract with the defendants, Roy E. Freeman and wife, for the sale of a house and lot in Trenton, Tenn.

The proposed purchasers were not satisfied with the title. Whereupon this bill was filed for the purpose of having an instrument, under which complainant claims title, construed, and which instrument, so far as is essential to this inquiry, is as follows:

"I, W. P. Kelton, for and in the consideration of the natural love and affection I bear for my granddaughter Elizabeth Kelton and the further consideration that I have raised her from infancy and she has been a dutiful child to me and to her grandmother in her lifetime have this day and by these presents do give, grant, bargain and convey unto her the said Elizabeth the folowing described real property to wit: (Here follows description.)

White v. Kelton.

"Now the express conditions upon which this gift is made are as follows: This deed is not to take effect until my death, but I hereby expressly retain in myself the right to sell or dispose of said property in any manner I may deem fit during my life for her use and benefit, and the further condition that the said Elizabeth when she takes said property shall take it to her own sole and seperate use and behove free from the control or management of any future husband she may have the same not to be subject to any debts or liability he may have or be under, and the further condition that should she the said Elizabeth die without issue leaving no children surviving her then said property shall revert back and belong to my heirs generally as though this deed had not been made and should I sell this place and invest the money in other for her or should swap the same for another place for her she shall take the same subject to all conditions and re strictions and under all. of the restraints I have above mentioned and further for the consideration above named I give her the following described personal property to wit: One chain bed and bedstead and all of the neces- sary bed clothing, and bureau. Said gift take effect at my death subject to all the above restrictions and con- ditions. I convenant with the said Elizabeth Kelton that I am lawfully seized and possessed of all of the above described property and that the same is unincumbered, and that I have a right to convey them and I bind myself to warrant and defend the title to her and the heirs of her body against the lawful claim or claims of any person or persons claiming by, through or under me. In testi- mony whereof I have hereunto set my hand and seal this January 30, 1875.

"W. P. KELTON.  [Seal.]"

"·Attest.

"W. M. HALL."

"WM. BAUGHN."

The bill made the heirs of W. P. Kelton, including a number who were unknown, as well as his unborn heirs, defendants.  Mr. and Mrs. Freeman were also made defendants, but no relief was sought as to them.

The prayer of the bill is that—"Said deed be by the court construed and that her interest be decreed, that she be decreed the owner in fee of said tract of land under said deed from W. P. Kelton.

"If the court for any reason be of the opinion that complainant is not the owner in fee of said tract of land but simply owns a life estate then that said contract be ratified and confirmed by the court and the funds loaned out and the interest paid to complainant yearly.

"Complainant does not know whether or not there are any minors among the unknown heirs of W. P. Kelton, but she prays that *guardian ad litem* be appointed to appear and defend for the minor heirs of W. P. Kelton, and that publication be made for them, whether minors or adults.

"Complainant prays for all such other, further, general, and special relief as she may be entitled to under the facts."

An order *pro confesso* was entered as to all of the heirs except the unknown minor heirs and the unborn heirs, and a *guardian ad litem* was appointed to represent them, and he filed a formal answer in their behalf.

Mr. Kelton was seventy-six and complainant was sixteen years of age at the time said instrument was executed. Mr. Kelton died at the age of eithty-eight years.

The chancellor construed said instrument to be a deed, and held that upon the death of the grantor the complainant became vested with a fee-simple title in said property.

From the decree of the chancellor the *guardian ad litem* appealed to the court of civil appeals, in which court the decree of the chancellor was affirmed, and the *guardian ad litem* has filed a petition in this court for writ of *certiorari,* in which he asked that the decree of the court of civil appeals be reversed.

A very serious question suggests itself, which has not been raised by counsel, or by either of the other courts, and that is whether the purpose of the bill is to have the court decree future rights.

In *Meacham* v. *Graham,* 98 Tenn., 197, 39 S. W., 13, this court said: ''A preliminary question of importance confronts us at the threshold of our investigation, and that is whether the matters now submitted to the court are not prematurely brought before it; and whether this is not a bill to declare future rights, and whether any decree, at the present time, can be rendered by this court upon the matters submitted. This question has not been presented by counsel or considered by the court of chancery appeals or the chancellor. All parties and their counsel desire the matter adjudicated and settled. But inasmuch as a premature adjudication is in law no adjudication, and will not be binding, we proceed to consider this question in the outset of our investigation.''

In that case the court held that it had jurisdiction to construe the will in question on the ground that the parties had a present interest to be protected and declared by the court. The legatee was claiming the right to receive large sums of money absolutely, while the contingent remaindermen insisted that the executor be held responsible, for payments already made, and that he be required to make no more without bond. Furthermore, the beneficiary was claiming the right to have these sums paid to her without the execution of a refunding bond on her part. In this dilemma the court held that the executor had a right, for his protection, to have this controversy settled by the court.

In *Prichitt* v. *Kirkman,* 2 Tenn. Ch. 390, the court was asked to construe a deed in which property was conveyed to the daughters of grantor for life, the share of each at her death to go to her children. The court said:

"I am asked to declare the rights of these complainants (said daughters) in said property. But it is obvious that no binding construction can be given for want of necessary parties. The children of these *femes covert* are not before the court. Such a construction, moreover, cannot now be demanded. It is the settled law of this court not to maintain a bill to declare future rights (citing authorities). In *Langdale* v. *Briggs,* 39 Eng. L. & Eq., 214, Lord Justice TURNER remarks: 'As long as I have known this court, now for no inconsiderable period, I have always considered it to be settled that the court does not declare future rights, but leaves them to be determined when they may come into possession.' This language is quoted with approval, and acted on by the supreme court of the United States, in

*Crosse* v. *De Valle*, 1 Wall. 1, 15. The reason is that the court can only act by its decree, which must be made on an existing state of facts, so as to be the action of the court as distinguished from an abstract opinion. The court has jurisdiction to decide, not to advise.''

A case very much in point is *McCall* v. *McCall*, 1 Tenn. Ch., 500. The bill was filed by a mother against her children, infants, for a declaration of her rights in land under a conveyance to her ''for the separate use and enjoyment of her and her family.'' The court said:

''The only ground upon which the petition can be sustained, if it can be sustained at all, is as an application to the court to declare the relative rights of the mother and children under the deed. But it is by no means certain that the court has jurisdiction to decide upon their rights in this mode, so as to insure purchasers a good title, where the rights of the parties depend upon the construction of a deed, and that construction might result in giving the children an interest after the death of the mother. It is the settled law of this court not to maintain a bill to declare future rights. *Langdale* v. *Briggs*, 39 Eng. & Eq., 214; *Crosse* v. *De Valle*, 1, Wall, 1, 15. I remember a case about twenty years ago, prepared with a view to the ascertainment of the rights of mother and children under a deed somewhat like this, which was taken to the supreme court and there dismissed upon the ground that the court would not undertake to determine the rights of infants in remainder until their rights had actually vested in possession by the death of the tenant for life. That was a case, however, where the interest of the children was more clearly in remainder than under this deed.''

In 40 Cyc. 1846, the author says: "A court of equity will not take jurisdiction of a suit for the construction of a will unless it can afford immediate relief. It will not undertake, where there is no matter in dispute, to declare future rights, nor will it ever undertake to decide upon and determine contingencies which may never arise, unless such determination is necessary for the decision of some immediate relief to be granted, and which it can enforce by a decree."

In support of the foregoing text many authorities are cited.

Applying the principles announced above to the facts of this cause, we are of the opinion that this suit is premature, and that the chancery court was without jurisdiction to decree a construction of said instrument. No one was disputing the complainant's title to this lot of land. There was no controversy between complainant and any one claiming any interest in said lot, either present or future. The decree in this cause is not based upon an existing state of facts such as would enable any person to contend with the complainant as to the title to said property. Neither can it be known at this time what state of facts will exist at the death of Mrs. White. The contingency set forth in the instrument in question may never arise. Mrs. White may die "leaving issue leaving children."

To illustrate, suppose the payee of a $2,000 note should offer to sell same to a bank, and the bank should decline to purchase it on the ground that it was in doubt as to its negotiability; certainly, the owner would have no right to maintain a bill in equity for the purpose of having the court to pass upon its negotiability.

Or a party might offer to purchase a farm, provided the owner would file a bill in equity and have the chancellor pass favorably upon the title. No court could entertain such a suit. Such a decree would be merely advisory, and not decisive of any controversy between rival claimants. Nor is it a case where any of the parties have a present interest to be protected by the court, such as is of frequent occurrence where trustees, executors, and other persons occupying fiduciary relations apply to the court for a declaration of their rights and instructions as to their duties.

A great many questions might suggest themselves to one about which he would like to have the opinion of the court. But courts are not constituted for the purpose of giving advice, but for the purpose of deciding legal controversies.

This court in *Chickamauga Trust Co.* v. *Lonas,* 139 Tenn., 235, 201, S. W., 778, L. R. A., 1918D, 451, said:

"While it is well settled that a judgment cannot be questioned collaterally for an error committed in the exercise of jurisdiction, the rule is equally well established that a judgment may be attacked in a collateral proceeding for error in assuming jurisdiction. Even where a court has jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted it by the law of its organization, its decree is void. Thus a judgment may be collarterally attacked where the court had jurisdiction of the parties and the subject-matter of action, but did not have jurisdiction of the question which the judgment assumed to determine, or to grant the particular relief which it assumed to afford to the litigants."

The complainant further asked in her bill, in the event the court should be of the opinion that she only had a life estate in said property, that the court confirm the sale to Freeman and wife, and direct the master to lend the funds derived from said sale and pay the interest received thereon to her.

In the first place, the court, as stated hereinabove, is without jurisdiction to determine the interest which complainant takes under said instrument. In the next place, even if she were a life tenant, she would have no legal right to have the lot sold. *McConnell* v. *Bell*, 121 Tenn., 198, 114 S. W., 203.

Neither is it insisted, nor could it be, that this is a proceeding to sell property of persons under disability.

We are unable, therefore, to see any basis upon which this suit can be maintained.

It results that the writ will be granted and the decree of the court of civil appeals and of the chancellor will be reversed, and the bill be dismissed.

The complainant will pay the costs accrued in the several courts.