ALVOUGHER GUY *et al.*, COMPLAINANTS, APPELLANTS, *v.* W. C. CULBERSON, INDIVIDUALLY AND AS TRUSTEE, *et al.*, DEFENDANTS, APPELLEES.*

(*Jackson*, April Term, 1932.)

Opinion filed June 18, 1932.

---

*As to effect of words of inheritance, see 17 R. C. L., 618, 619.

As to declaration of rights or declaratory judgments, see annotation in 12 A. L. R., 53; 19 A. L. R., 1124; 50 A. L. R., 42; 68 A. L. R., 110.

Maiden, McWherter & Gallimore, for complainants, appellants.

Pierce & Fry, for defendants, appellees.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed by the children of David Guy to have the court construe a deed under which they claim an estate in remainder. Both parties appealed from a decree of the chancellor upon the demurrer interposed by defendants. The facts presented by the bill are:

September 11, 1924, Ellen and Lizzie Guy executed and delivered to David Guy a conveyance, the material parts of which read:

"For and in consideration of the sum of one dollar cash in hand paid and a further consideration of value satisfactory to ourselves. we Ellen Guy and Lizzie Guy

have this day bargained and sold·and by these presents doth bequeath, bargain, sell and convey to David Guy to be occupied by him and family as a home during his natural life and at his death to his bodily heirs a certain tract of land. . . . .

"To have and to hold to the said David Guy his natural life and heirs forever."

February 29, 1928, David Guy and wife put a mortgage on the land by a conveyance that purports to pass the fee. Upon default in payment of the debt secured by the mortgage there was a foreclosure and the defendants W. C. and May Culberson purchased at the trustee's sale, took possession under a deed from the trustee, and are holding as claimants of the estate in fee.

By their demurrer defendants insist, among other things, that the conveyance made as it is "to David Guy to be occupied by him and family as a home during his life and at his death to his bodily heirs" clothed him with the estate in fee.

This would have been true if the estate to David Guy had not been expressly limited to life. Being so limited, section 3674 of Shannon's Code, new Code, section 7600, and not section 3673 of Shannon's Code, new Code, section 7599, is controlling. Section 3674 of Shannon's Code, new Code, section 7600, provides:

"Where a remainder is limited to the heirs or to the heirs·of the body of a person, to whom a life estate in the same premises is given, the persons who, on the termination of the life estate are heirs or heirs of body of such tenant, shall take as purchaser, by virtue of the remainder so limited to them."

David Guy took a life estate only, with remainder over to bodily heirs living at the time of his death (*Campbell*

v. *Lewisburg & Northern R. R. Co.,* 160 Tenn., 477), and his life estate only passed by the deed of trust under which the defendants claim, and their estate is so limited.

■ The statements and prayer of the bill are broad enough to bring the case within the provisions of the declaratory judgments law, chapter 29, Acts of 1923, passed after *White* v. *Kelton,* 144 Tenn., 327, was decided. Section 1 of the Act provides:

"That courts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.

"Sec. 2. That any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The fourth ground of the demurrer should have been overruled and a declaratory decree entered in accord with the construction herein, which is the construction put upon the deed by the chancellor in his opinion.

■ Another object of the bill was to assert on behalf of the children of David Guy an immediate interest

in the land upon the theory that the life estate of David Guy was charged with a trust for their support. This rests upon the statement in the conveying clause of the deed to the effect that the land is to be occupied by David Guy and his family as a home during his natural life.

The chancellor sustained defendant's seventh ground of demurrer directed to that theory of the bill. He held that the words referred to did not enlarge the estate of the tenants in remainder nor impress the life estate of David Guy with a trust, the words being only declaratory of the reasons that actuated the grantors in making the conveyance.

We concur in this conclusion of the chancellor, that is that David Guy took the life estate and that it passed under his deed to the trustee and through the trustee to the defendants, who acquired no greater estate than that owned by David Guy. The children or family of David Guy acquired no immediate interest. By the conveying clause and context of the deed their estate or interest was postponed until the death of the life tenant, David Guy, then the estate vests in his then living bodily heirs.

We also concur in the chancellor's construction of chapter 90, Acts of 1923. Under the decree declaratory of the rights and status of the parties, the defendants hold as tenants for the life of David Guy, and their possession of the life estate would not be adverse to the rights of the tenants in remainder who could assert no immediate interest until after the falling in of the life estate. The chancellor correctly held that notwithstanding chapter 90, Acts of 1923, the statute of limitations therein declared would not run against complainants until expiration of the life estate.

The decree of the chancellor is modified insofar as he refused under *White* v. *Kelton, supra,* to sustain the bill and thereunder declare the future rights and status of the parties, and the bill is sustained. A declaratory decree will be entered in conformity with the conclusions herein which follow the conclusions of the chancellor except insofar as he applied the rule of *White* v. *Kelton,* decided before the enactment of the declaratory judgments law. Defendants will pay the costs of appeal. The costs of the trial court will be paid by complainants as adjudged by the chancellor.