ALLEMANNIA FIRE INSURANCE CO., Plaintiff in Error, v. BRUCE YORK, Defendant in Error.

Western Section.   December 2, 1932.

Petition for Certiorari denied by Supreme Court, March 18, 1933.

Chandler, Shepherd, Owen & Heiskell, all of Memphis, for plaintiff in error.

A. J. Calhoun and Yandell Haun, both of Memphis, for defendant in error.

SENTER, J. For convenience, the parties will be referred to as in the court below, Bruce York, plaintiff, and Allemannia Fire Insurance Company, defendant.

The suits are on two fire insurance policies which are identical, each for the sum of $1500, and covered the same property, and issued to Lona D. Lovett, as the insured, who subsequently assigned the policies or transferred the same by and with the approval of the defendant to plaintiff, Bruce York.

Pleas were filed to the declaration. At the hearing of the cause, at the conclusion of all the evidence plaintiff made a motion for a directed verdict in his favor. It appears from the record that the attorneys representing both parties to the suit agreed that there was no question of fact involved to be submitted to the jury and consented that the case be taken from the jury and decided by the trial judge. The attorneys for both parties contended that under the undisputed facts, their respective clients were entitled to the judgment of the court. The defendant contended that the policies sued on were void and not enforceable on the theory that the plaintiff was not the sole and unconditional owner of the property at the time it was insured and at the time it burned, and under certain provisions of the policy to the effect that the entire policy shall be void if the interest of the insured be other than unconditional and sole ownership; or if the subject of the insurance be a building on ground not owned by the insured in fee simple. It was further contended for the defendant insurance company in the lower court that plaintiff was not in possession of the property at the time it was destroyed by fire, nor at the time the insurance policies were assigned or transferred to him.

It was the contention of plaintiff in the lower court that the record

showed that plaintiff was the owner of the property at the time the policies were transferred to him and was the owner of the property at the time it was destroyed by fire and had been in the constructive possession of the property since he purchased the same. The learned trial judge held that plaintiff was the owner of the property and entitled to recover on the two policies sued on, each in the sum of $1500, together with interest thereon from June 17, 1931, making a total of $3142.50, and for which amount he rendered judgment in favor of plaintiff and against the defendant. The trial judge further held that payment of the policies was refused by the defendant in good faith, and that plaintiff was not entitled to recover any amount as statutory penalties.

A motion for a new trial by the defendant was seasonably filed and overruled. From the action of the court in rendering judgment against it on the two policies sued on and in overruling its motion for a new trial, defendant prayed and was granted an appeal to this court in the nature of a writ of error, and the appeal has been duly perfected and errors assigned.

The several assignments of error are predicated upon the contention that the plaintiff was not the unconditional owner in fee of the property which was destroyed by fire and covered by the insurance policies, and hence was not entitled to recover because of the provision in the policy to the effect that the policy would be void unless the insured was the sole and unconditional owner in fee of the property at the time it was insured and at the time it was burned.

It appears that one John R. Frazier executed a deed to the lot or parcel of land in controversy to certain persons named in the deed as deacons of Pleasant Grove Church, and their successors in office. The consideration recited in the deed was $50 in hand paid, the granting clause and the habendum are as follows:

"That the party of the first part, for and in consideration of Fifty Dollars ($50) in hand paid by the parties of the second part, the receipt whereof is hereby acknowledged by said first party, he hereby bargains, sells, aliens and conveys to the party of the second part, and their successors in office the following tract of land lying and being in Shelby County, Tennessee, (here follows description)."

The habendum and covenant clauses are as follows:

"To have and to hold unto said parties of the second part, Deacons of Pleasant Grove Church, a missionary Baptist Church, and their successors in office forever.

"And the party of the first part covenant and agree with the parties of the second part and their successors that he is lawfully seized of said property; that he has a right to sell and convey same, and said property is free from all encum-

brances and that he will forever warrant and defend the title to said property unto said Deacons and their successors against the claim of every person whomsoever.''

The deed proceeds to recite immediately following the above, as follows:

"It being the intention of the grantor herein, that the property herein conveyed is to be used for the purpose of erecting and building a church house thereon, and to be used solely and exclusively for the purpose of worshiping Almighty God therein, and preaching in said Church the gospel of Christ and Him crucified, and in addition a Sunday School is allowed to be held in said Church building and should at any time after said Church is erected and built it be devoted to other and different purposes than herein mentioned, and in case said Deacons of their successors in the Missionary Baptist faith should abandon the building and the congregation become dispursed and scattered, then said property with the Church building thereon shall revert and become the property of the party of the first part his heirs or assigns. The building to be erected on said property is to be a frame weather-boarded building and to be completed within twelve months from the date of these presents.''

It appears that a church building was erected on this lot by the deacons of the church, and it was used for the worship of Almighty God by the members of said church until it was destroyed by fire.

The record is not entirely clear as to whether this church was destroyed, or whether it was rebuilt or remodeled by the deacons of the church, but it does appear that plaintiff, Bruce York, was engaged in the lumber and building material business in Memphis, and presumably, as we infer from the record and from the argument of counsel in open court, furnished lumber and building materials to the deacons of said church, and to secure the payment took notes from the deacons representing the indebtedness, and a trust deed on the church property and the lot to secure said notes. This trust deed was executed by Minor Becton, Joe Venable, Arthur Allen and Oscar Brown, Trustees for Pleasant Grove Baptist Church, on October 25, 1927. Default in the payment of the notes resulted in the Trustees named in the trust deed foreclosing the same under the provision of the trust deed, and at which sale Lona D. Lovett became the purchaser. She in turn executed a quitclaim deed to plaintiff, Bruce York. After she became the purchaser of the property she took out the two fire insurance policies sued on in these consolidated cases. The trust deed executed by the trustees of the Church contained the following provision:

"It is further agreed that in case of any sale under this trust deed, the undersigned will at once surrender possession of said

property and from that moment become and be a tenant at will of the purchaser, and removable by process, as upon forceable and unlawful detainer, hereby agreeing to pay the said purchaser the reasonable rental value of said premises after said sale. . . . ."

It appears that after Mrs. Lovett became the purchaser the officers of the church continued to use the same and refused to give possession, and whereupon Mrs. Lovett filed an ejectment suit against the officers of the church, and that suit resulted in a decree in favor of Mrs. Lovett, and in which it was decreed that Mrs. Lovett was the lawful owner of the property and entitled to the possession thereof, and a writ of possession issued to her. This suit was filed by her after she had executed the quitclaim deed to York. The heirs at law of Frazier, who conveyed this property to the deacons of the church by the deed hereinbefore referred to, were not made parties to that suit. So far as disclosed by the record, the church continued to be used for church purposes until it was destroyed by fire, and after the decree in the Lovett case negotiations were commenced between a representative of the deacons of the church and Mr. York to buy back the property from Mr. York for the church.

This is not a suit in ejectment to try title as between York and the heirs at law of Frazier who originally conveyed this lot to the deacons of the church. It does not appear from the record that any of the Frazier heirs have ever made or are now making any claim to the property. It will also be observed that this was not a gift of this lot by the grantor but it was a conveyance for a valuable consideration, fifty dollars. The granting clause did not put any limitation upon the use of the property, nor did the habendum clause, nor the clause of covenants. A fee simple title was conveyed under the granting clause, without any restrictions or limitations. There were no restrictions or limitations in the habendum clause. It is also shown that another building was erected on this same lot and used by a colored fraternal association, and later used as a public school building. It also appears that many years ago a railroad right of way was sold across the lot in question. So far as disclosed by the record no question was ever made by any of the heirs at law of the right and authority of the deacons to permit the erection of the fraternal hall, or the sale of the right of way, nor the use to which the fraternal hall had been put. So far as disclosed by this record, the heirs at law of Frazier have never sought to enforce the provision in the deed with reference to the use to which the property would be put. The deed did provide that a frame weather-boarded church building should be erected on the lot within twelve months. There is no provision that the deacons of the church could not encumber the

property by laborer's or materialmen's liens or builders' liens in the erection of the church building; nor for any improvements that may subsequently become necessary, or for repairs. If it became necessary to improve the building, or to rebuild it or to remodel it, or to repair it, we think the trustees or deacons of the church would have the right to do so, and if necessary, encumber the property for the cost of the improvements, or that statutory liens could be enforced for the labor and material used in remodeling or rebuilding or repairing the building, and that this was in contemplation of the parties to the contract. Where there has been no limitation placed in the granting clause or in the habendum to the title conveyed any subsequent limitation not in harmony with the granting clause would not prevail over the granting clause, but must be strictly construed against the grantor and in favor of the grantee. If this rule is applied, we see no reason why the deacons or trustees of the church were not authorized to execute the trust deed on the property for the purpose for which it was executed. Mrs. Lovett became the purchaser of the property at the foreclosure sale. So far as disclosed by the record, the sale by the trustees under the trust deed was regular, as was also the deed executed by the trustee to Mrs. Lovett, the purchaser. If the trust deed was valid, the officers of the church became the tenant at will of the purchaser under the trust deed, by specific provision therein. It cannot be said that the deed from Mrs. Lovett to plaintiff was void because champertous, on the theory that the property at the time of the sale was in the adverse possession of the church officers. Under the terms of the trust deed, after the foreclosure, they were the tenants at will of the purchaser, and under contract to pay rent for the use of the building. (Vance v. Johnson, 10 Humph., 221; Ellege v. Cooke, 5 Lea, 638, 1 R. C. L., 748, Sec. 70.)

A sale by a purchaser at a foreclosure, while the mortgagor is in possession, is not champertous (Mitchell v. Lipe, 8 Yerg., 179; Wood v. Turner, 8 Humph., 686), and especially is this true where there is a provision in the mortgage or trust deed that the mortgagor, after the sale under the trust deed, becomes the tenant at will of the purchaser.

We are further of the opinion that plaintiff, York, at the time the insurance policies were transferred to him by the consent of defendant, was the absolute and unconditional owner of the property with an insurable interest therein, and that no one else would be entitled to collect the insurance under these policies. We do not think the case of Foster v. Ins. Co., 156 Tenn., 436, 300 S. W., 7, is analogous to the present case. In that case, Foster held a mortgage on the property insured, and took out the insurance in his own name as the owner of the property. It was not disclosed by him that he was merely a mortgagee. He was not in possession of the property.

The property was in the possession of the mortgagor. There had been no foreclosure of the mortgage. Under those facts, it was held that Foster was not the unconditional owner in fee of the property insured, and therefore could not recover on the policy after the property had been destroyed by fire. Numerous cases are cited by the respective parties, but they are not in point, and the present case would not be ruled by cases on different facts and applying the rule to a mortgagee, or where one owning a life estate had placed a mortgage on the property, and at a foreclosure sale a fee simple title was sought to be vested in the purchaser. (Guy v. Culberson, 164 Tenn., 509, 51 S. W. (2d), 500.) In that case it was held that the purchaser did not take a title under the trustee's deed except to the life estate of the mortgagor, and that the remaindermen, the bodily heirs of Guy, could not be defeated in their title to the remainder subject to the life estate of David Guy. The court stated, "We concur in this conclusion of the Chancellor, that is, that David Guy took the life estate, and that it passed under his deed to the trustee and through the trustee to the defendants, who acquired no greater estate than that owned by David Guy."

We are of the opinion that in the present case the plaintiff is entitled to recover on the two policies, and the accrued interest thereon, as adjudged by the learned trial judge. There is no evidence of fraud or bad faith upon the part of plaintiff in procuring this insurance. A court of competent jurisdiction had decreed that his grantor was the owner in fee of the property. This was conclusive as between Mrs. Lovett and the trustees of the Church, since there was no appeal. The Frazier heirs have at no time made any claim to the property, if indeed they have a valid claim. We are not now called upon to try the question of title as between the Frazier heirs and plaintiff.

In this case plaintiff procured the insurance on the property, or rather his vendor procured the insurance, claiming ownership of the property under a trustee's deed appearing regular upon its face, and transferred the insurance to plaintiff when he became the purchaser of the property from her. He was in possession of the property, at least the constructive possession, and holding under recorded deed conveying to him the absolute and unconditional fee simple title to the property.

We find no error in the judgment of the lower court, and it is accordingly affirmed. Appellant and surety on the appeal bond will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.