UNITED STATES FIDELITY & GUARANTY CO. *v.* ASKEW *et al.*

(*Nashville,* December Term, 1945.)

Opinion filed January 5, 1946.

CHAS. V. RUNYON and STOUT & PORTER, all of Clarksville, for complainant and appellees W. K. and Earl A. Harrison.

A. B. BROADBENT, of Clarksville, for L. B. Askew, III.

COLLIER GOODLETT, of Clarksville, for J. C. Askew individually and as administrator.

E. J. WALSH and CORNELIUS, BALLEW & GILBERT, all of Nashville, for Florence Askew and Third Nat. Bank, trustee, appellants.

MR. SPECIAL JUSTICE PRIDE TOMLINSON delivered the opinion of the Court.

The purpose of this suit is to procure a decree construing in certain particulars the will of L. B. Askew and declaring the rights and interests of the litigants in the estate which he left. That estate is now in the hands of the Third National Bank of Nashville, as Trustee, in accordance with the directions of the will. The disagreement arises over the construction to be placed upon the second paragraph of Item 2 of this will, which Item 2, in so far as necessary to this inquiry, reads as follows:

"2. I will and bequeath to my beloved and devoted wife, Florence Askew, the income from my entire estate both real and personal to be paid her during her life provided she remained unmarried. If she should marry again, then the income from my entire estate shall at once and thereafter be divided equally between my wife, my three sons, L. B. Askew, Jr., John Couts Askew, and

Harley L. Askew, during their lives and at their death to their legal heirs.

"If, however, my wife should remain unmarried until her death, then at her death the income of my entire estate shall be divided equally between my three sons, L. B. Askew, Jr., John Couts Askew, and Harley L. Askew, or their heirs."

The widow, Mrs. Florence Askew, is living and has not married again. L. B. Askew, Jr., and Harley L. Askew, being two of the three sons mentioned in the second paragraph of Item 2, died subsequent to their father, the testator. Their heirs' devisees or those claiming under devisees and representatives are all parties to this suit, as is the widow and the trustee. A difference of opinion has arisen between the parties as to what interest do the three sons or their heirs or devisees take under this particular provision of Item 2:

"If, however, my wife should remain unmarried until her death, then at her death the income of my entire estate shall be divided equally between my three sons, L. B. Askew. Jr., John Couts Askew, and Harley L. Askew, or their heirs."

The decree of the chancellor is that under the immediately above quoted paragraph of the will the three sons of the testator took an estate in remainder which vested at the time of the death of the testator subject to be defeated or lessened in the event the widow marries. The appellants insist that the decree of the chancellor should have been that these three sons took under said above quoted paragraph a remainder interest contingent upon the testator's widow dying without ever having remarried and also contingent upon their surviving the life tenant.

Very able briefs have been submitted in support of these conflicting insistencies. Unfortunately, by an inadvertence which sometimes occurs, all the parties and the chancellor overlooked the fact that the question submitted is premature. The parties simply disagree as to what they are entitled to take if the widow dies without having married again and they ask this Court to determine that question. If the widow should remarry, this disputed item, which the Court is asked to construe, becomes totally ineffective and the disposition of the estate would then be entirely controlled by the first paragraph of Item 2. In the meantime, there is no present actual controversy in the sense of some present disposition being made of the *corpus* of this estate. Indeed no disposition can be made of it until the death of the widow. What disposition will then be made depends upon whether she again marries. The question presented in this suit is, therefore, premature.

The policy of this Court, as several times declared, is that its discretion in rendering decrees under the authority of our Uniform Declaratory Judgment Act, Code, section 8835 et seq. "should be exercised with the utmost caution." *Newsum* v. *Interstate Realty Co.*, 152 Tenn. 302, 278 S. W. 56, 57, *Hinchman* v. *City Water Co.*, 179 Tenn. 545, 167 S. W. (2d) 986. Otherwise, the courts might well be projected into the "limitless field of advisory judgments."

█ Pursuant to that declared policy, this Court has consistently refused a declaratory judgment where the question presented is abstract, theoretical or based upon a contingency which may or may not arise. It is unnecessary to cite or quote from these various decisions, since the instant case is settled by the decision of this

Court in the case of *Nashville Trust Co.* v. *Dake,* 162 Tenn. 356, 36 S. W. (2d) 905. That was a case in which the trustee sought a construction of certain provisions of a will. The question presented for determination in that case was predicated upon a contingency which might or might not be a fact when the life tenant should subsequently die. This Court in declining to contrue the will under these conditions said this:

" 'The statute does not contemplate declarations upon remote contingencies,' or upon abstract, remote, or incidental questions. *Hodges* v. *Hamblen County,* 152 Tenn. 395, 277 S. W. 901. Nor will a bill lie by a trustee to construe a will unless the court can afford immediate relief. The court will not declare future rights, or decide upon and determine contingencies which may or may not ever arise. *White* v. *Kelton,* 144 Tenn. 327, 232 S. W. 668.

"This judgment creditor has no possible enforceable rights in praesenti. His claim, as against this estate, is one that may arise twenty or more years from now. His judgment may not be then in force, for either of several reasons. For example, the life tenant may, possibly, voluntarily discharge the debt before her death, or the creditor may subject property which she may acquire independently of this trust estate, as by bequest, or through marriage, and thus satisfy his claim, without recourse to the trust estate to pass to these grandchildren of the testatrix. Again, the parties in interest may change, and those who may succeed to the rights of the grandchildren ought hardly to have their rights prejudged and abridged so long in advance, even though before the court by appointive representation. It seems clear that a declaration on a construction or of an issue so remote, and subject to such contingencies, should not be given

by the court." 162 Tenn. pages 359, 360, 36 S. W. (2d) 905.

And the opinion concluded with this statement, 162 Tenn. p. 362, 36 S. W. (2d) 905:

"We find it unnecessary and, indeed, premature to rule on the question of what this judgment creditor's rights may be upon the death of Mrs. Wilson—an issue too remote, involving future rights and various contingencies."

We are unable to make any material distinction between that case and the case at bar, and are forced to the conclusion that under the authority of that case and the established policy of this Court, as declared in cases of this character, this suit must be dismissed, but without prejudice, and it is so ordered.

The Court finds the question of adjudging the costs of this appeal somewhat difficult under the unusual circumstances but has concluded it to be proper for the costs of the appeal to be paid out of the estate of L. B. Askew, deceased. The costs of the appeal are accordingly adjudged against the Third National Bank as Trustee of the Estate of L. B. Askew and surety on its appeal bond. The costs of the lower court are as adjudged by the Chancellor.

Mr. Justice Prewitt did not participate in the decision of this case.

Note: Hon. Pride Tomlinson, of the Columbia Bar, sat as Special Justice in this case during the illness of Mr. Chief Justice Green.