STATE *ex rel.* GALLAHER *v.* HICKMAN, COUNTY JUDGE.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

WILLIAMS, CUMMINGS & WEST (BEN WEST, of counsel) of Nashville, for appellant.

CHARLES L. CORNELIUS and HORACE OSMENT, County Attorney, both of Nashville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed for mandamus to compel the defendant as County Judge, to issue a warrant on the County Trustee, payable to relator, who is a

night porter foreman at the Davidson County Court House, in an amount alleged to be due him as such County employee, for salary increase as provided in Chapter 805 of the Private Acts of 1949, which is applicable to Davidson County only.

Defendant demurred to the bill and asserted the unconstitutionality of the Act as violating Art. I, Sec. 8; Art. 11, Sec. 8, and Art. I, Sec. 20, of the Constitution of Tennessee.

The Chancellor sustained the demurrer and dismissed the bill because he found that the Private Act was unconstitutional as undertaking to suspend certain provisions of the Anti-Fee Bill, Code Secs. 10725-10748, and so to confer special benefits on certain employees of Davidson County which are not enjoyed by similar employees in other counties whose salaries are fixed by the General Law. From the decree, the relator has perfected this appeal.

The pertinent part of the caption of Chapter 805 of the Private Acts of 1949 is as follows: "An Act to provide salary increases for all employees of Davidson County within certain classification . . . ."

The pertinent part of Section 1 is: "That all persons employed by Davidson County, Tennessee, or by any board, commission, department, agency, or office (except certain specified Officials) shall, effective May 1, 1949, receive and be paid monthly an increase in salary . . ." (Here follows a schedule of salaries.)

The "excepted officials" are: (1) Those elected by the people or by the County Court; (2) those whose salary or other compensation had already been increased by the 66th General Assembly, and (3) those whose salary or other compensation had already been increased

by resolution of the Quarterly Court of Davidson County. The Chancellor held in the course of his opinion:

"Thus it is seen that the Act is made to apply to the employees in the offices of the County Court Clerk, Register, Trustee, and the Clerk & Master's office, all of whom are regulated as to employment and salary by general laws of the State requiring petitions to be filed before the Chancellors of the respective counties, by the elected officials in those offices, and by decrees of the Chancellors entered pursuant thereto.

"The salaries of some of the other offices are fixed by Circuit Judges and Criminal Court Judges, under the General Fee Bill of the State, Secs. 10725 et seq. of the Code."

It is to be noted that the relator, as a night porter foreman of the Court House, is not a County employee who falls within one of the express exceptions in the Act, nor is he a County employee who has his salary fixed by General Law. Therefore, on the facts of the bill and so far as that pleading raises any justiciable issue, there is nothing unconstitutional or invalid in administering the Act as is necessary to grant the prayer of the bill.

By his first assignment of error appellant contends that the Chancellor erred in sustaining the demurrer because "the Act in question deals with the county in its governmental capacity, wherefore, it is not objectionable that it applies alone to Davidson County." Since the Anti-Fee Bill was passed in 1921 and upheld by this Court in *Hunter* v. *Conner*, 152 Tenn. 258, 277 S. W. 71, there have been a multitude of Acts passed as Private Acts of the Legislature, to amend the Anti-Fee Bill, and except a special county or counties from some provisions of that General Law. Without

exception, this Court has struck down such Private Acts and rejected the argument that such Acts affected the counties in their governmental capacity, holding that on the contrary, the purpose and effect of such Acts was to confer special benefits on individuals, the county officer holders and their employees, when such benefits were not enjoyed by similar officers and employees in other counties under the General Law. Among decisions in point are: *Hunter* v. *Conner, supra,* where, 152 Tenn. at page 277, 277 S. W. at page 76 of the opinion, with regard to certain Private Acts identical in effect with the one before us here, it was said: "If they suspend a general law for the benefit of a particular county, they would be void, and could not operate to destroy the uniformity of the act before us."

Other more recent decisions of this Court to the same effect are: *Roberts* v. *Roane County*, 160 Tenn. 109, 23 S. W. (2d) 239; *Shanks* v. *Hawkins County*, 160 Tenn. 148, 22 S. W. (2d) 355; *Nashville, C. & St. L. Ry.* v. *Carroll County*, 161 Tenn. 581, 33 S. W. (2d) 69; *Somerville* v. *McCormick*, 182 Tenn. 489, 187 S. W. (2d) 785. We find no merit in the first assignment of error.

However, the really difficult question in this case is reached by the second and third assignments of error, where it is alleged in effect, that on the facts stated in the bill and in the application of the Private Act to the case of complainant, no amendment of the Anti-Fee Bill or other General Law is attempted or is necessary to grant the complainant the relief sought by the prayers of his bill. This argument of complainant must be admitted to be true on the facts stated in the bill. Complainant is not a County employee or any one of the three classes excepted by the Act from its provisions, nor is he a

County employee whose salary is fixed by proceedings under the Anti-Fee Bill, nor by any other General Law. Therefore, if Chapter 805 of the Private Acts of 1949 be so administered as to benefit only such county employees as complainant, it is not objectionable under any constitutional limitation.

The result is that the facts stated in the bill do not make a case of the unconstitutionality of' the Private Act. If a County employee, whose salary is fixed by the Anti-Fee Bill or other General Law, seeks benefits under Chapter 805, Private Acts of 1949, we will determine that issue when it is brought before us.

There is a strong presumption that an Act of the Legislature is valid, *Joyner* v. *Priest*, 173 Tenn. 320, 326, 117 S. W. (2d) 9, and as has been often said by this Court, our authority to strike down an Act of the Legislature is to be exercised only when it is absolutely necessary on the facts presented by the particular case. We will not seek for facts which will render a bill unconstitutional, nor determine contingencies which may never arise. *Donathan et al.* v. *McMinn County,* 187 Tenn. 220, 232, 213 S. W. (2d) 173; *United States Fidelity & Guaranty Co.* v. *Askew et al.,* 183 Tenn. 209, 191 S. W. (2d) 533; White v. Kelton, 144 Tenn. 327, 232 S. W. 668.

We will presume that the officers charged with the administration of the Act will obey the laws and the constitution and so adopt a construction of the Act that will render it constitutional; rather than unconstitutional, *Palmer* v. *Southern Express Co.,* 129 Tenn. 116, 158-161, 165 S. W. 236, and cases there cited.

Limiting our decision to the facts presented by the bill, the raise in salary sought by the relator is entirely proper for a Private Act, and to grant the prayer of the

bill in that regard, is neither invalid nor unconstitutional, since the relator is not a County employee of a class which has its salaries fixed by General Law.

For the reasons stated, the decree is reversed and the case is remanded for further proceedings in accordance with this opinion.

All concur.