COMBUSTION ENGINEERING CO. *v.* THOMPSON *et al.*

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

Rehearing Denied July 15, 1950.

CHAMBLISS, CHAMBLISS & BROWN, of Chattanooga, for appellant.

CLAUDE CALLICOTT, of Nashville, and JOE FRASSRAND, of Chattanooga, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant filed its original bill against certain of its employees (naming them) and Local 656 of the International Brotherhood of Boilermakers, seeking a declaratory judgment as to the rights of all parties under a ''collective bargaining agreement'' between them. The individual defendants, Thompson and others, belonged to the Union, Local 656. It is alleged that, ''The defendant Union represents complainants' employees in a certain bargaining unit known as the Boilermakers Unit, and that the named individual defendants work in said unit and are therefore under the jurisdiction of the defendant Union.''

In the aforesaid bargaining contract there was what is called a ''union security'' clause whereby the complainant obligated itself to discharge employees at the Union's request for non-payment of dues. Pursuant to this provision the Union requested complainant to discharge one Theo K. Wilson under date of July 28, 1947, for his alleged delinquency. The Union had requested the discharge of other employees for the same reason. The complainant, however, was hesitant about discharging these employees because of the enactment of what is known as the ''Open Shop Bill'' on February 17, 1947. The contract, which we are asked to construe as determining the rights of the parties, expired on August 14, 1947. On the same date ''complainant executed a new contract with the Union in which there is no Union Security clause whatever.'' The bill alleges that ''under the present contract between the parties complainant has no right or obligation to discharge em-

ployees because of failure to remain in good standing with the Union.''

The basis of complainant's bill for a declaratory judgment is that the Union insists that complainant is obligated to discharge these individual defendants for alleged delinquency in paying Union dues. The said defendants insist that ''complainant is not entitled to discharge them.'' The bill alleges that ''complainant is advised that at least one of the named defendants has threatened to sue complainant in damages if he is so discharged.'' The complainant says ''its only desire is to comply with its contractual and statutory obligations'', hence this bill for a declaratory judgment.

The several defendants answered, the Union insisting upon its rights under the contract, while the defendant Wilson (the only one to answer) insisted that the contract had expired as of April 15, 1947, and that ''the Union had no further jurisdiction over him'' by reason of Chapter 36, Acts of 1947, which is the ''Open Shop'' statute. This defendant was discharged or expelled from the Union for non-payment of dues. He later tendered the amount due and applied for reinstatement, which was refused ''although (according to his answer) he had complied with all the requirements of the contract and the said Union and its constitution and By-Laws.''

The Chancellor sustained the complainant's bill, holding that at the time the Union requested the discharge of Wilson the contract was in full force and effect and it was the duty of the complainant to discharge him. The decree also declared that Thompson, Bush and Wilson ''have lost all seniority rights as specified and contained in the employment contracts existing between the complainant and the defendants.''

The defendant Wilson prayed and was granted an appeal to the Court of Appeals and that court reversed the Chancellor's decree and dismissed the case at the cost of the Union. The complainant did not file a brief on this appeal to the Court of Appeals, "the sole controversy in that court being between Wilson and the Union." The case was reversed and dismissed because the controversy between Wilson and the Union had become moot, and "It is not proper to render a declaratory judgment where the questions are remote, incidental and determinative of no controversy between the parties."

Both the Union and the complainant petitioned this Court for certiorari, which was granted, complaining of error by the Court of Appeals in dismissing the bill. The case was argued at Knoxville by counsel for the respective parties.

It is argued both orally and upon the briefs of counsel that unless this case is reversed, and the Chancellor affirmed, there will be a strike in Chattanooga, resulting in possible violence and disorder, that a declaratory judgment is desirable in order that "seniority rights", which is claimed to be a property right, of individual employees will thereby become jeopardized, if not greatly imperiled. The right of the complainant to a declaratory judgment is not grounded upon any threatened "strike" or possibility of violence. But it rests solely upon the allegation that complainant is advised that one of its employees who is sued herein threatens to institute suit for damages in the event he is discharged. The Union in its answer merely admits that "this is a case in which the jurisdiction of the Court is properly invoked for a declaratory judgment."

If the "bargaining contract", under which the Union requested the discharge of the three employees for non-payment of dues, was in full force and effect at the time the "Open Shop" statute became effective, to wit February 21, 1947, the complainant had no alternative except to discharge them. Conceding that the "Open Shop Law" in no way affected the existing rights of the parties, the paramount question remains as to whether or not the complainant is entitled to a declaratory judgment.

When the cause was heard by the Chancellor there was a discussion between the counsel, in open court prior to the introduction of proof, as to the right of the complainant to re-employ the men. The Court of Appeals, in its opinion, refers to the following statement by counsel for the Union:

"Mr. Callicott: We are willing to take our chances on whether they are re-employed or not. That is a question that would be decided later, and if they see fit to re-employ Mr. Wilson and Mr. Thompson, why, I presume they have a right to do so. But, we want the contract lived up to, complied with, and I think that the union is willing to trust the company with re-employment, in fact, legally, I don't know whether the union has any right in respect to that question under the present law." Mr. Chambliss thereupon remarked that "seniority rights are involved."

We think it is well nigh beyond dispute that the complainant could discharge these employees as required by the contract, which had expired on August 15, 1947, and at once re-employ them under the new contract without being accountable to the Union. The fact that they were discharged by order of the court could not in any sense abridge the right of the complainant to

re-employ them at once. In a situation of this kind we fail to see wherein the complainant would be entitled to a declaratory judgment. Conceding for the purpose of this action that the complainant, as employer, is "between two fires", (1) a threatened suit for damages by one employee if discharged and (2) another by the Union if he is not discharged, we hold that it furnishes no basis for a declaratory judgment. This is true because the employee would be estopped from bringing such an action by reason of his written agreement to be discharged for non-payment of dues to his Union. The Union's lawsuit, based upon re-employment of a non-dues-paying member, would fail because both the new contract and the Open Shop Law permits it.

In holding that "seniority rights" of employees could not be made the basis of this suit for a declaratory judgment, the Court of Appeals properly held, "that it was too nebulous to require a declaratory judgment", where an employee was discharged and re-hired.

While conceding that such rights are valuable to an employee, yet as pointed out by Judge Hale, "There are so many factors going into the question such as knowledge, skill, ability, efficiency and adaptability to various kinds of work" that the right could not be defined and adjudged in this proceedings with any degree of certainty. Moreover the right, as well as the threatened suits to which we have referred, relate to future events and contingencies which may not arise. Nor is there any present controversy between the complainant and the Union as to seniority rights of employees. If and when these discharged employees are re-hired, the dispute as to seniority rights between an employee and the Union could not possibly affect the rights of complain-

ant, and in no event could it be made the basis for a declaratory judgment.

"It is well settled in England that a declaration cannot be had in respect of a cause of action which, it is apprehended, the defendant may assert, where he has made no claim against the plaintiff thereon, although he refuses to waive any right thereunder. This precise question does not appear to have been directly decided by the courts in this country, but some obiter statements have been made approving or in agreement with the English rule." 16 Am. Jur., Section 11, p. 285. See cases cited in 12 A. L. R., pp. 73, 74; and 68 A. L. R. 119.

■ Our own cases support the foregoing text. Thus in *Hodges* v. *Hamblen County*, 152 Tenn. 395, 398, 277 S. W. 901, 902, it is said:

"In Miller v. Miller, 149 Tenn. 463, 261 S. W. 965, this court adopted the Scotch rule with reference to the action of declarator, long prevailing in that jurisdiction, referred to in Russian Commercial & I. Bank v. British Bank (House of Lords), 19 A. L. R., 1101, and held that to justify a declaration 'the question must be a real, and not a theoretical question; the person raising it must have a real interest to raise it; he must be able to secure the proper contradicter, that is to say, some one presently existing who has a true interest to oppose the declaration sought.' "

. . . . . .

"Parties are not entitled to an expression of opinion to help them in another transaction. *Barwick* v. *Southern & Co. R. Co.*, 1921, 1 K. B., 187.

"A declaration should not be made on an abstract question. *Gray* v. *Spyer*, 1921, 2 Ch., 549.

"Nor on remote and incidental questions. In re Toronto R. Co., 1920, 48 Ont. L. Rep., 319."

To the same effect is *White* v. *Kelton,* 144 Tenn. 327, 332, 232 S. W. 668. The principle announced in the foregoing cases is reaffirmed in *U. S. Fidelity & Guaranty Co.* v. *Askew,* 183 Tenn. 209, 213, 191 S. W. (2d) 533.

The assignments of error are overruled and the judgment of the Court of Appeals is affirmed.

All concur.

### On Petition to Rehear.

The Combustion Engineering Company and Local 656 of the International Brotherhood of Boilermakers have filed separate petitions to rehear, Combustion complaining of error in holding that it was not entitled to a declaratory judgment, and Local 656 insisting that it should not be required to pay the costs of the appeal.

Immediately upon the filing of these petitions we re-examined the questions at issue, and the basis of our conclusions reached in the original opinion. Combustion insists that it was entitled to a declaration under Code, Section 8836, our declaratory judgment statute, as to its contractual duty following the enactment of the "Open Shop Law". The Code Section relied on provides:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Under the foregoing statute the Court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result in any future controversy. It should not pronounce judgment on abstract propositions, even if its opinion might influence future action under like circumstances. *Miller* v. *Miller,* 149 Tenn. 463, 475, 261 S. W. 965.

The contract in question is not ambiguous and requires no interpretation. While we expressed the view "that complainant would be within its rights in discharging the employees involved in this suit", yet this holding was not necessary to a determination of Combustion's right to a declaratory judgment. The declaratory judgment statute does not compel a declaration in the instant case for reasons set forth in our original opinion.

Contention was made in the lower courts, and again in this Court, that "seniority rights" of employees will become jeopardized, if not greatly imperiled, unless the Court makes a declaration. Our original opinion discussed this phase of the case at some length, in which we agreed with the Court of Appeals that this issue "was too nebulous to require a declaratory judgment". Both the Combustion Engineering Company and the Union, Local 656, were seeking a declaration upon the same grounds. There is no controversy, however, upon the issue of "seniority rights" as between Combustion and Wilson, who was suspended by the Union for the non-payment of dues. As between Wilson and other employees and the Union the question is not only "nebulous" but entirely moot. We are furthermore convinced upon a re-examination of the record that no judgment could

be pronounced upon either the issue of "seniority rights" or the so-called "security clause" in the contract that would bind the parties. In the agreement, filed as Exhibit A to the complainants' bill, it is expressly provided that if any dispute arises as to whether or not a member of the Union is in good standing it shall be adjudicated by an arbitrator appointed by the National War Labor Board, "whose decision shall be final and binding on the Union, the employees and the company". A court of equity cannot be made a mediator in settling such controversies under a bill for a declaratory judgment based upon contractual rights and immunities.

█ In response to the petition of Local 656 we find that it appealed from the Chancellor's decree to the Court of Appeals. In that court the sole controversy was between the Union and one of its employees, one Wilson. The case was there reversed because this controversy between Wilson and the Union "had become moot" and a suit for a declaratory judgment would not lie where the questions are remote and "determinative of no controversy between the parties". The Union was the losing litigant in the courts below and this Court denied its right to any relief under its petition for certiorari. In these circumstances the costs were properly adjudged against it. Its petition to rehear, and to retax the costs, is denied.

All concur.