WATKINS *v.* WATKINS.

*(Nashville,* December Term, 1952.)

Opinion filed January 15, 1953.

Louis Ferguson, of Nashville, for plaintiff.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a divorce bill filed in the Circuit Court of Davidson County, where the wife is suing the

husband for a divorce on grounds of abandonment and cruel and inhuman treatment. The husband is a non-resident and service was had upon him by publication. Thereafter a pro confesso was taken against him, but no decree has been entered.

After pro confesso, and before any final decree, the bill was amended to permit the Complainant to ask additional relief ''to determine the status of the children of the parties and their future support, and to retain this cause in Court for the purpose of awarding such support to said children.''

After this amendment, the Complainant, by written motion, sought to have the Court ''determine the status of the children for future support *in the event the Defendant returns to the jurisdiction of the Court,* but personal service of process may be served on him, and whether this cause can be retained in Court for this purpose.'' (Our emphasis.)

Being of the opinion that he had no jurisdiction, the learned Circuit Judge denied this motion, but permitted the present appeal.

The Complainant admits that there is no authority in Tennessee, or apparently elsewhere, since she cites none, for the practice attempted in the present case. Our cases of *Darby* v. *Darby,* 153 Tenn. 287, 298, 277 S. W. 894, 42 A. L. R. 1379; *Baker* v. *Baker,* 169 Tenn. 589, 89 S. W. (2d) 763; and *Davenport* v. *Davenport,* 178 Tenn. 517, 160 S. W. (2d) 406, furnish no such authority since in the present case, there is no final decree of divorce and the parties are still husband and wife. At the present time, the Courts of Tennessee have jurisdiction only for the divorce. Jurisdiction of the person of the Defendant is essential to a judgment on the motion. The Defendant

may never be within the jurisdiction of the Tennessee Courts, so that a present adjudication would be void. *White* v. *Kelton,* 144 Tenn. 327, 232 S. W. 668; *United States Fidelity & Guaranty Co.* v. *Askew,* 183 Tenn. 209, 213, 191 S. W. (2d) 533.

The judgment of the Circuit Court denying the motion of Complainant is affirmed and the cause remanded for further proceedings consistent with this opinion. If upon the remand, a decree for divorce is entered, such decree will provide that the cause is retained in Court for the determination of future questions involving the support and custody of the children in accord with Code, Sec. 8454.