J. D. STORY et ux., et al., Appellants,

*v.*

DAVID WALKER et ux., et al., Appellees.

404 S. W. 2d 803.

(*Knoxville*, September Term, 1965.)

Opinion filed June 13, 1966.

HERRIN, SHERWOOD & WASHINGTON, Johnson City, for appellants.

FERDINAND POWELL, JR., Johnson City, EPPS, POWELL, WELLER, TAYLOR & MILLER, Johnson City, of counsel, for appellees.

606

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Chancery Court of Washington County, Tennessee, at Johnson City, Tennessee. The appellants, complainants below, filed their original bill on September 16, 1964. In this bill, the appellants sought to have determined the validity and effect of certain restrictive covenants contained in deeds to certain subdivision real property in Johnson City. They sought this relief under the Tennessee Declaratory Judgments Act, T.C.A. sec. 23-1103 and sec. 23-1104. On December 4, 1964, the appellees, defendants below, filed a plea in abatement alleging that the City of Johnson City had in effect a zoning ordinance restricting the property in question to residential use, this being substantially the same restriction contained in the restrictive covenants appellants sought to test the validity and effect of by their original bill. On July 8, 1965, the trial court filed a Memorandum Opinion in which it found that since the zoning ordinance with respect to the property of the appellees was in effect, no controversy existed which could be properly presented to the Court under the Declaratory Judgments Act. On August 14, 1965, the Court entered a

decree in accord with its Memorandum Opinion, sustaining appellees' plea in abatement. The appellants have timely perfected their appeal to this court, assigning error as follows:

"The Chancellor was in error in sustaining the plea in abatement and thereby refusing to take jurisdiction under the declaratory judgments act."

 This Court is of opinion that this assignment of error is without merit. It is well settled in this State that the courts decline a declaratory judgment where the question to be determined is based upon a contingency which may never occur. This proposition is well stated in the following quotation from the case of *United States Fidelity & Guaranty Co. v. Askew* (1946) 183 Tenn. 209, 191 S.W.2d 533:

"The policy of this Court, as several times declared, is that its discretion in rendering decrees under the authority of our Uniform Declaratory Judgment Act, Code, sec. 8835 et seq. 'should be exercised with the utmost caution'. *Newsum v. Interstate Realty Co.*, 152 Tenn. 302, 278 S.W. 56, 57, *Hinchman v. City Water Co.*, 179 Tenn. 545, 167 S.W.2d 986. Otherwise, the courts might well be projected into the 'limitless field of advisory judgments.'

[1] Pursuant to that declared policy, this Court has consistently refused a declaratory judgment where the question presented is abstract, theoretical or based upon a contingency which may or may not arise. It is unnecessary to cite or quote from these various decisions, since the instant case is settled by the decision of this Court in the case of *Nashville Trust Co. v. Dake*, 162 Tenn. 356, 36 S.W.2d 905. That was a case

in which the trustee sought a construction of certain provisions of a will. The question presented for determination in that case was predicated upon a contingency which might or might not be a fact when the life tenant should subsequently die. This Court in declining to construe the will under these conditions said this:

'The statute does not contemplate declarations upon remote contingencies,' or upon abstract, remote, or incidental questions. *Hodges v. Hamblen County*, 152 Tenn. 395, 277 S.W. 901. Nor will a bill lie by a trustee to construe a will unless the court can afford immediate relief. The court will not declare future rights, or decide upon and determine contingencies which may or may not ever arise. *White v. Kelton*, 144 Tenn. 327 232 S.W. 668.''

■ Appellants, in their original bill, averred that the appellees intended to build, or to have built, a shopping center upon the land in question, owned by appellees. Appellees' deeds to this land contained the restrictive covenants referred to. However, a zoning ordinance of the City of Johnson City admittedly, at present, prohibits appellees' use of this land for anything other than residential purposes. Therefore, what the appellants seek to have the Court declare is the effectiveness of the subdivision restrictions to interdict use of this land for other than residential use, if the zoning ordinance were not in effect. The pertinent ordinance is not only in effect but has been given effect. Since this, in effect, seeks from the Court a declaration of their rights upon a contingency, the case is premature under the previously cited authority.

The appellants rely heavily upon the case of *Turnley v. Garfinkel* (1962) 211 Tenn. 125, 362 S.W.2d 921. Suffice it to say here that this case does not reach the point of the instant case. No contingency existed in that case. In the *Turnley* case the necessary authorities, the Planning Commission and the Health authorities, had approved the plan of the appellants to subdivide their lot, it being urged by the appellees that this was violative of restrictive covenants contained in the deeds to the property. In the case before this Court, a change in the zoning ordinance prohibiting the use which appellees allegedly wish to make of these lots, has been refused. Appellants here can only ask the Court to determine what use appellees could make of the land, if the zoning ordinance presently in effect were not in effect. The trial court's action in sustaining the appellees' plea in abatement was entirely proper.

The judgment of the trial court is affirmed, with costs against appellants.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.