Harry HESTER, et ux, Eddy Brown, et ux, Jere F. Luckey, et ux, Bobby Gregory, et ux, Thomas H. Cherry, et ux, First Capital Building Corporation, and Alice Plemons, Plaintiffs-Appellants,

v.

MUSIC VILLAGE U.S.A., INC., Five Star Properties, Inc., Bluegrass Meadows Subdivision, and Jagger-Hawkins Partnership, Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section.

March 8, 1985.

Application for Permission to Appeal Denied June 10, 1985.

Ronald B. Buchanan, Hendersonville, for plaintiffs-appellants.

Charles W. Bone, Burney T. Durham, Bone & Amonette, Gallatin, for defendants-appellees.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiffs from the Chancellor's sustaining of defendants' motion to dismiss plaintiffs' complaint for failure "to state a justiciable controversy as required by law."

Plaintiffs' complaint alleges the following: (1) Plaintiffs are owners of certain residential lots located in Section I of Bluegrass Meadows Subdivision in Sumner County, Tennessee; (2) defendants are the former owners and developers of Section I, Bluegrass Meadows Subdivision, and the present owners of the adjacent land; (3) in February, 1978, the Jagger-Hawkins Partnership purchased 148.95 acres of land and on April 28, 1978, the Jagger-Hawkins Partnership subdivided "28.8 acres into 29 residential lots known as Bluegrass Meadows, Section I;" (4) on August 8, 1978, Jagger-Hawkins "filed a document [in the Register's Office of Sumner County, Tennessee] entitled 'Restrictions for Bluegrass Meadows Subdivision;'" (5) these restrictions provide that Bluegrass Meadows, Section I, "may be used for one single family residential dwelling only....;" (6) "At such time as said lots were sold to Plaintiffs" there existed a general plan of development for all of defendants' land which

showed that all land adjacent to plaintiffs' lots would also be developed for residential purposes only. "Plaintiffs were shown the plan and advised that the land would be developed as residential lots with the same restrictions as applied to plaintiffs' lots;" (7) at a meeting in March, 1984, defendants advised plaintiffs that they intended to petition the City of Hendersonville, Tennessee, to rezone the remainder of the 148 acres "from residential to Planned Unit Commercial-Tourism and construct a large amusement park" on the remainder; (8) defendants' representations that the land would be developed as residential lots "constituted a constructive fraud upon" plaintiffs; and (9) as a result of defendants' actions, an actual controversy exists between the parties "relating to their legal rights and duties to defendants' remaining land" and that "Defendants have expressed their intent to use said property for commercial rather than residential purposes."

Plaintiffs prayed that "the restrictive covenants [pertaining to Bluegrass Meadows Subdivision] be enforced against defendants' remaining land" and that a "permanent injunction issue enjoining defendant's use of [the remaining] land contrary to said restrictive covenants." Plaintiffs also filed a "notice of lien Lis Pendens."

Defendants filed their motion to dismiss on several grounds. However, the Chancellor dismissed the complaint on the sole ground that the complaint failed "to state a justiciable controversy as required by law."

Tennessee Code Annotated § 29–14–102 provides, in pertinent part, as follows:

*General powers of courts.*—(a) Courts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

Tennessee Code Annotated § 29–14–103 provides:

*Construction of statutes and written instruments.* — Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal rela-

tions are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Defendants argue "that no justiciable controversy has arisen [between the parties] and that the plaintiffs' complaint is based on a future or contingent event."

They argue that their remaining property is zoned residential, and that while they did announce an intention to seek a zoning change from residential to planned unit Commercial-Tourism and did, in fact, file for such a change, their application has been withdrawn rendering plaintiffs' complaint moot because of the absence of a justiciable controversy between the parties.

■ The law in Tennessee is well settled that "to maintain an action for declaratory judgment, a justiciable controversy must exist between persons with adverse interests…." *Parks v. Alexander,* 608 S.W.2d 881, 891–892 (Tenn.App.1980). "For a controversy to be justiciable, a real question rather than a theoretical one must be presented and a real legally protectable interest must be at stake on the part of plaintiff." 608 S.W.2d at 892. "If the controversy depends on a future or contingent event or involves a theoretical or hypothetical state of facts, the controversy is not justiciable under the Tennessee Declaratory Judgments Act." 608 S.W.2d at 892.

■ In support of their argument that plaintiffs' complaint shows that no justiciable controversy has arisen and that their complaint is based on "a future or contingent event," defendants rely on *Story v. Walker,* 218 Tenn. 605, 404 S.W.2d 803 (1966).

In *Story,* both the lands of plaintiffs and defendants were burdened with the same restrictive covenants. Both plaintiffs' and defendants' land was located within Johnson City, Tennessee, which "had in effect a

zoning ordinance restricting the property in question to residential use, this being substantially the same restriction contained in the restrictive covenants [plaintiffs] sought to test the validity and effect of by their original bill." 218 Tenn. at 606, 404 S.W.2d at 804.

Justice Creson, writing for the Court, stated:

[Plaintiffs], in their original bill, averred that the [defendants] intended to build, or to have built, a shopping center upon the land in question, owned by [defendants]. [Defendants'] deeds to this land contained the restrictive covenants referred to. However, a zoning ordinance of the City of Johnson City admittedly, at present, prohibits [defendants'] use of this land for anything other than residential purposes. Therefore, what the [Plaintiffs] seek to have the Court declare is the effectiveness of the subdivision restrictions to interdict use of this land for other than residential use, if the zoning ordinance were not in effect. The pertinent ordinance is not only in effect but has been given effect. Since this, in effect, seeks from the Court a declaration of their rights upon a contingency, the case is premature under the previously cited authority.

In the case before this Court, a change in the zoning ordinance prohibiting the use which [defendants] allegedly wish to make of these lots, has been refused. [Plaintiffs] here can only ask the Court to determine what use [defendants] could make of the land, if the zoning ordinance presently in effect were not in effect. The trial court's action in sustaining the [defendants'] plea in abatement was entirely proper.

218 Tenn. at 608–609, 404 S.W.2d at 805.

In *Story,* the Court was asked to interpret a covenant, *i.e.,* what use the defendants could make of their land if the zoning ordinance were not in effect. In the case before us, the question is not the interpretation of a covenant, but whether the remaining land of defendants is encumbered by the restrictive covenants.

*Story* is further distinguishable in that the defendants' land was encumbered by restrictive covenants that were of record. In this case the restrictive covenants are not of record. If defendants sell the remaining land to a bona fide purchaser without notice of the agreement of defendants to apply the same restrictive covenants to the remaining land as are applicable to Section I, Bluegrass Meadows Subdivision, then the bona fide purchaser, for value without notice, takes the property "free and clear of the restrictions." *Land Developers, Inc. v. Maxwell,* 537 S.W.2d 904, 915 (Tenn.1976).

Plaintiffs have presented a justiciable controversy. They are entitled to a determination of whether the restrictive covenants do in fact apply to the defendants' remaining land.

The judgment of the Chancellor is reversed with costs assessed against the defendants and the cause remanded to the Chancery Court for further proceedings and the collection of costs.

CANTRELL and KOCH, JJ., concur.