# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**December 15, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

HOME BUILDERS ASSOCIATION )
OF MIDDLE TENNESSEE, )
                                        )

    Plaintiff/Appellee, )        Maury Chancery No. 96-487

                                          )

**v.** )

                                          )        Appeal No. 01A01-9706-CH-00259

**MAURY COUNTY, TENNESSEE,** )

                                          )

    Defendant/Appellee, )

                                          )

**CHARLES W. BURSON, State of** )
**Tennessee Attorney General,** )

                                          )

    Defendant/Appellant. )

---

APPEAL FROM THE CHANCERY COURT OF MAURY COUNTY
AT COLUMBIA, TENNESSEE

THE HONORABLE JIM T. HAMILTON,  JUDGE

For the Plaintiff/Appellee,         For the Defendant/Appellant:
Home Builders Association of
Middle Tennessee:

L. Bruce Peden                John Knox Walkup
Columbia, Tennessee        Charles L. Lewis
                                Forrest B. Bigham
                                Nashville, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCURS:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This case is a challenge to the constitutionality of a county tax. After authorizing the tax, the county adopted a resolution that the tax would not be imposed, and no such taxes have been collected. The trial court denied the State's motion to dismiss. We reverse, finding that there is no justiciable controversy.

On May 30, 1991, the Maury County Adequate Facilities Tax was passed by the General Assembly, and enrolled as Chapter No. 118 of the 1991 Private Acts. This Act authorizes the Maury County Board of Commissioners ("the Commission") to impose a tax on new development in Maury County.

Pursuant to the Act the Maury County Commission ratified and set the tax. However, it later adopted a resolution declaring that the tax would not be imposed "at this time." In July 1991, the Commission formally set the tax rate at $0.00 for both residential and non-residential development, and also resolved to refund any taxes previously collected. The tax has not been reinstated since 1991, and the evidence in the record establishes that no tax was collected under the Act during the short period in which the Commission had set a rate.

Plaintiff/Appellee Homebuilders Association of Middle Tennessee ("Homebuilders") filed this action against Maury County under the Declaratory Judgment Act, Tennessee Code Annotated §§ 29-14-101 to 113, seeking a declaratory judgment that the tax is unconstitutional, and seeking an injunction prohibiting Maury County from implementing or collecting taxes under the Act. The suit also names the State Attorney General as a defendant, because the suit challenges the constitutionality of an act of the General Assembly.

The Defendants filed a motion to dismiss. In the motion, Defendants note that the Declaratory Judgment Act applies to an actual case or controversy. They maintain that the challenged tax has never been imposed, and that there is no real threat that it will be imposed. Therefore, they argue that the case does not involve a justiciable controversy and should be dismissed. Defendants also argued that the suit should be dismissed because the exclusive statutory remedy for challenging a county tax is by paying under protest and bringing suit within six months for a refund, and that Homebuilders failed to do this. *See* Tenn. Code Ann. §§ 67-1-901; 67-1-912.[1]

---

[1]We note that Tennessee Code Annotated § 67-1-901 and § 67-1-912 were deleted as obsolete by the Code Commission in 1998 after the parties in this case submitted their appellate briefs.

The trial court denied Defendants' motion, but granted their request for interlocutory appeal to this Court.

Because this issue involves a question of law, our review is *de novo*, with no presumption of correctness. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

The Tennessee Declaratory Judgment Act grants courts broad powers to construe legislation:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Tenn. Code Ann. § 29-14-103 (1980). However, these powers may be exercised only in cases in which the parties can establish the existence of a justiciable controversy. *See*, *e.g.*, *Oldham v. ACLU*, 910 S.W.2d 431, 435 (Tenn. App. 1995); *Parks v. Alexander*, 608 S.W.2d 881, 891-92 (Tenn. App. 1980); *Story v. Walker*, 218 Tenn. 605, 607-08, 404 S.W.2d 803, 804 (1966); *Miller v. Miller*, 149 Tenn. 463, 474, 261 S.W. 965, 972 (1924). The Tennessee Supreme Court has described a justiciable controversy as follows: "'[T]he question must be real and not theoretical; the person raising it must have a real interest, and there must be some one [sic] having a real interest in the question who may oppose the declaration sought.'" *Cummings v. Beeler*, 189 Tenn. 151, 223 S.W.2d 913, 915 (1949) (quoting *Miller v. Miller*, 149 Tenn. 463, 261 S.W. 965, 972 (1924)); *see Oldham v. ACLU*, 910 S.W.2d 431, 435 (Tenn. App. 1995).

In *Cummings v. Beeler*, 189 Tenn. 151, 223 S.W.2d 913 (1949), the Court considered an act of the legislature that required a state official, the Secretary of State, to spend public funds to hold a special election. Because the Act had been passed and would otherwise be enforced, the court held that the Act's constitutionality was not merely a theoretical question. *See id.* at 915. The *Cummings* Court found that a justiciable controversy existed. In that case, the court found that the Secretary of State:

> must either obey the mandatory provisions of this law which the Attorney General has previously publicly declared as unconstitutional or he must disregard the law entirely. If the Secretary of State decides to follow the mandates of the statute and spend the public funds and then it develops that the Attorney General was correct in his opinion in holding that the law was invalid and unconstitutional, the Secretary of State would have spent public funds under the authority of a law which was illegal and without effect.

*Id.* at 915-16. As in this case, the plaintiff in *Cummings* challenged a statute that had not yet been

enforced. However, in *Cummings*, there was no doubt that the challenged statute would have been enforced. Therefore, the threat of enforcement was genuine, not theoretical, creating a justiciable controversy. In this case, before the tax can be collected, it must first be set above a rate of zero by the Commission. There is no indication in the record that the Commission will choose to raise the rate above zero and enforce the tax statute.

In *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn. App. 1980), the court stated that "[i]f the controversy depends upon a future or contingent event or involves a theoretical or hypothetical state of facts, the controversy is not justiciable under the Tennessee Declaratory Judgments Act." (citing *Story v. Walker*, 218 Tenn. 605, 607-08, 404 S.W.2d 803, 804 (1966); *United States Fidelity & Guaranty Co. v. Askew*, 183 Tenn. 209, 212-13, 191 S.W.2d 533, 534-35 (1946)). "The Declaratory Judgments Act does not give the courts jurisdiction to render advisory opinions to assist the parties or to allay their fears as to what may occur in the future." *Id.*

In this case, the challenged tax has not been imposed, and there is no indication in the record that it will be imposed. Therefore, at this time, a controversy exists only in a theoretical sense. Consequently, there is no justiciable controversy under the Tennessee Declaratory Judgment Act. The trial court erred in denying the Defendants' motion to dismiss, and this decision is reversed.

The remaining issues on appeal are pretermitted by this holding. The cause is remanded to the trial court for entry of an order granting Defendants' motion to dismiss.

The decision of the trial court and is reversed and remanded as set forth above. Costs are assessed against the Appellee, for which execution issue, if necessary.

_____
HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**