IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2002

## WAYNE M. FULLER v. DONAL CAMPBELL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-684-III     Ellen Hobbs Lyle, Chancellor**

_____

**No. M2001-01719-COA-R3-CV - Filed January 16, 2003**

_____

An inmate in the custody of the Department of Correction filed an action in the Chancery Court of Davidson County seeking a declaratory judgment stating that because of his medical condition the Department should be required to test him for drugs by a patch rather than by a urine sample. The chancellor granted the state's motion to dismiss on the grounds that the court was without authority to entertain a declaratory judgment against the state or its officers and that the complaint did not state a cause of action under the Administrative Procedures Act. We affirm and note the additional ground that Mr. Fuller essentially seeks an advisory opinion and does not allege a live controversy.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J., joined. WILLIAM C. KOCH, JR., J., concurring.

Wayne M. Fuller, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.**

Mr. Fuller filed this action on March 2, 2001. He stated the substance of his claim in paragraphs 7 and 8 of his complaint:

Plaintiff claims he has a medical condition (inhibition), albeit psychiatric/psychological, that makes it extremely difficult for him to provide a urine sample during monthly inmate drug screening while under time constraint and direct observation and which may ultimately preclude the giving of a sample on any given

occasion. Therefore, plaintiff insists defendant should be required to provide him with alternative (drug patch) testing, especially in the event that he cannot provide a sample, due to the constitutionality of the issue (Fourth Amendment Search and Seizure) and the substantial liberty interests which are at stake. See <u>Skinner v. Railway Labor Executives Association</u>, 109 S.Ct. 1402, 1413 (1989) and <u>Wolff v. McDonnell</u>, 94 S.Ct. 2963 (1974)(discussing liberty interests);

Nevertheless, defendant has stated that plaintiff's complaint is futuristic in nature (Exhibit B), and has refused to address this issue (drug patch testing) even though at least one inmate was previously disciplined for his inability to provide a urine sample during a monthly (August 2000) drug screening;

Mr. Fuller also alleged that Department of Correction Policy 506.21 requires each inmate to give a urine sample for drug testing each month. According to his complaint, Mr. Fuller had filed a grievance challenging the policy, which was ultimately considered and rejected by the assistant commissioner. Mr. Fuller invoked jurisdiction under the Declaratory Judgments Act, Tenn. Code Ann. § 29-14-101, et seq., and the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-102(10).

The commissioner moved to dismiss for the failure to state a claim upon which relief could be granted and the chancellor granted the motion.

## II.
### A. THE DECLARATORY JUDGMENT ACT

In *Hill v. Beeler*, 286 S.W.2d 868 (Tenn. 1956), our Supreme Court held that the Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101, et seq., did not permit the filing of a suit against the state to construe statutes. Our courts have followed that decision in a nearly unbroken line of decisions dealing with various departments of the state government. *See L. L. Bean v. Bracey*, *Inc.*, 817 S.W.2d 292 (Tenn. 1997)(Department of Revenue); *Spencer v. Cardwell*, 937 S.W.2d 422 (Tenn. Ct. App. 1996)(Department of Mental Health). In *Watson v. Tennessee Department of Correction*, 970 S.W.2d 494 (Tenn. Ct. App. 1998), this court specifically held that the chancery court lacked the jurisdiction to hear a declaratory judgment action against the Department of Correction.

In *Campbell v. Sundquist*, 926 S.W.2d 250 (Tenn. Ct. App. 1996), this court overruled an objection to the court's jurisdiction to entertain an action in which the plaintiffs sought a declaration that a state statute was unconstitutional. The court distinguished some of the other cases on the ground that they attempted in some way to reach the state treasury. *See* Tenn. Code Ann. § 20-13-102. Even if that case controls here, Mr. Fuller is attempting to require the state to expend its funds to provide him an alternative method of drug testing.

## B. THE ADMINISTRATIVE PROCEDURES ACT

Mr. Fuller also contends that he is entitled to a declaratory judgment under Tenn. Code Ann. § 4-5-223 and 225. These sections allow the court to render a declaratory judgment on the "legal validity of a statute, rule or order of an agency" where the plaintiff has first sought and been denied a declaratory order from the agency itself. These sections, however, do not apply to the internal management of state government if the policy does not affect the private rights, privileges, or procedures available to the public. Tenn. Code Ann. § 4-5-102(10)(A); *Mandela v. Campbell*, 978 S.W.2d 531 (Tenn. 1998). The chancellor held that the policy fell into that category, and we agree.

## C. NO PRESENT CONTROVERSY

Perhaps as important as the two foregoing reasons to deny a declaratory judgment in this case is the fact that Mr. Fuller does not allege that he is presently affected by the policy. He only alleges that he fears he may become subject to discipline sometime in the future if he is unable to give a urine sample. In *Story v. Walker*, 404 S.W.2d 803 (Tenn. 1966), the court said, "It is well settled in this State that the courts decline a declaratory judgment where the question to be determined is based upon a contingency which may never occur." 404 S.W.2d at 804. Otherwise the courts might wander into the "limitless field of advisory judgments." *Id.* A declaratory judgment action will not lie based on future, remote, or uncertain probabilities. *Woodroof v. City of Nashville*, 197 S.W.2d 4, 8 (Tenn. Ct. App. 1946).

For all the above reasons, we affirm the judgment of the chancellor and remand the cause to the Chancery Court of Davidson County for any further necessary proceedings. Tax the costs on appeal to the appellant, Wayne M. Fuller.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.