IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 22, 2005

## CHARLIE GARDNER, JR. v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 03-2940-I     Claudia Bonnyman, Chancellor**

_____

**No. M2003-03111-COA-R3-CV  - Filed February 6, 2006**

_____

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding the Department's confirmation of the prisoner as a member of a Security Threat Group. The prisoner filed a petition pursuant to Tenn. Code Ann. § 4-5-225 (2005) in the Chancery Court for Davidson County seeking a declaratory judgment that the Department's Security Threat Group policies and their application to him were invalid. The trial court granted the Department's Tenn. R. Civ. P. 12.02(6) motion to dismiss, and the prisoner has appealed. We have determined that the prisoner failed to state a claim upon which relief can be granted because Tenn. Code Ann. § 4-5-225 petitions cannot be used to challenge the Department's internal management policies.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Charlie Gardner, Jr., Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Bradley W. Flippin, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

**OPINION**

In 2002, the Tennessee Department of Correction took steps to identify and address gang activity occurring in its prison population. It enacted two policies, Tenn. Dep't of Corr. Policy Nos. 506.25 and 506.26 (2002), designed to identify and control prisoners affiliated with a Security Threat Group[1] ("STG"). In general terms, these policies provide criteria for identifying, confirming, and managing prisoners as STG members. While prisoners who are identified as STG members are subject to additional oversight, prisoners confirmed as STG members may be reclassified and

_____

[1]Tenn. Dep't of Corr. Policy No. 506.25(IV)(D) defines a "Security Threat Group" as "[a]ny group, organization, or association of individuals, whether formal or informal, who possess common characteristics which serve to distinguish them from other individuals or groups and who have been determined to be acting in concert, so as to pose a threat or potential threat to staff, other inmates, the institution, or the community."

reassigned to a STG program. Confirmed STG members may also be denied permission to participate in group activities or to receive certain job assignments if the warden determines that their presence or participation poses a risk to the safety, security, or orderly operation of the facility.

On August 6, 2003, the officials at the Turney Center Industrial Prison in Only, Tennessee informed Charlie Gardner, Jr.[2] that he had been confirmed as a STG member. When Mr. Gardner filed an "administrative grievance" challenging this designation, he was informed that the decision was based on his tattoos, his use of signs and symbols, and his practice of wearing STG colors. He was also informed that his confirmation as a STG member was not grievable. Thereafter, on August 15, 2003, Mr. Gardner requested the Department to issue a declaratory order in accordance with Tenn. Code Ann. § 4-5-223 (2005). The Department denied his request on September 15, 2003.

On October 2, 2003, Mr. Gardner filed a Tenn. Code Ann. § 4-5-225 (2005) petition for declaratory judgment in the Chancery Court for Davidson County seeking to invalidate the application of Tenn. Dep't of Corr. Policy Nos. 506.25 and 506.26 to him.[3] On November 14, 2003, the Department filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss asserting that Mr. Gardner had failed to allege that the Department's policies interfered with a "legal right or privilege" or to allege a due process violation. The trial court entered an order on December 5, 2003 granting the Department's motion to dismiss. The court reasoned that Mr. Gardner's confirmation as a STG member did not impair his legal rights because (1) prisoners have no constitutionally protected right to be housed in a particular facility, to be assigned to a particular security classification, or to a specific prison job and (2) the confirmation as a STG member did not pose an "atypical and significant hardship" on Mr. Gardner. Mr. Gardner has appealed.

Prisoners cannot file Tenn. Code Ann. § 4-5-225 petitions for a declaratory judgment to challenge the validity or the application of the Department's policies regarding the internal management of the State's correctional institutions. *Fuller v. Campbell*, 109 S.W.3d 737, 739 (Tenn. Ct. App. 2003). Accordingly, we have determined that the trial court reached the correct result when it dismissed Mr. Gardner's complaint for failure to state a claim upon which relief can be granted.[4]

---

[2] Mr. Gardner is serving a life sentence without the possibility of parole as a result of a conviction for first degree premeditated murder. *State v. Gardner*, No. M1999-02214-CCA-R3-CD, 2001 WL 306227, at *1 (Tenn. Crim. App. Mar. 30, 2001), *perm. app. denied* (Tenn. Oct. 1, 2001).

[3] Tenn. Code Ann. § 41-21-803 (2003) requires that, unless otherwise provided by law, suits arising from causes of action accruing in a facility operated by the Department of Correction must be filed in the county in which the facility is located. Tenn. Code Ann. § 4-5-225 (2005) requires that suits for declaratory judgment must be filed in the Chancery Court for Davidson County. Accordingly, the venue for Mr. Gardner's complaint is properly in Davidson County. *See In re Joseph*, 87 S.W.3d 513, 515 n.4 (Tenn. Ct. App. 2002).

[4] The dismissal of Mr. Gardner's petition for declaratory judgment does not leave him without avenues to challenge his designation as a STG member or his placement in the STG program. Tenn. Dep't of Corr. Policy No. 506.25(VI)(K), (L) permit him to renounce his membership in a STG and to request the removal of his confirmation as a STG member. In addition, Tenn. Dep't of Corr. Policy Nos. 506.25(VI)(M) and 506.26(VI)(H) permit appeals from placement in a STG program.

We affirm the order dismissing Mr. Gardner's complaint[5] and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal to Charlie Gardner, Jr. for which execution, if necessary, may issue. We also find that Mr. Gardner's petition for declaratory judgment and his subsequent appeal are frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[5]The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).