IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 23, 2007 Session

## CHATTANOOGA FIRE FIGHTERS ASSOCIATION LOCAL 820 and TARA WEAVER, vs. CITY OF CHATTANOOGA, TENNESSEE, CHATTANOOGA CITY COUNCIL, and CHATTANOOGA FIRE DEPARTMENT

Direct Appeal from the Chancery Court for Hamilton County
No. 06-0490, Part 2     Hon. Howell N. Peoples, Chancellor

No. E2007-00125-COA-R3-CV  - FILED DECEMBER 27, 2007

Petitioner was disciplined by the Chattanooga Fire Department, which discipline was approved by the City Council. She then petitioned the Chancery Court for a Writ of Certiorari, and the Chancellor, upon conducting a hearing, held that the discipline exceeded that allowed by the City Code, in that the Department had forced her to take leave time against her accrued leave for the days in excess of the 30 days allowed. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Kenneth O. Fritz, Chattanooga, Tennessee, for appellants.

Jimmy F. Rodgers, Chattanooga, Tennessee, for appellees.

## OPINION

Petitioners, Chattanooga Fire Fighters Association Local 820 and Tara Weaver, filed a Petition for Writ of Certiorari asking the Chancery Court to issue a writ to review the City Council's suspension of Capt. Tara Weaver.

Weaver alleged that she was employed by the Chattanooga Fire Department, and that on March 29, 2006, she was ordered by Battalion Chief Morton to go home, and she was not allowed to return to work until May 25, 2006. Further that on April 11, 2006, Fire Chief Wendell Rowe conducted a hearing regarding Weaver's alleged insubordination on March 29, 2006, and imposed a 28 day suspension starting April 16, 2006, and ending May 26, 2006. Weaver alleged that Chief Rowe decided that the time she had already been out of work (March 29 - April 15) would be deducted from her personal leave time that she had earned and saved. She averred that she never requested that this time be considered personal leave time, nor did she accept it as such.

Weaver appealed Rowe's decision to the City Council, and the Council upheld Rowe's decision in its entirety.

Petitioners asserted in the Trial Court that §13.45 of the Charter of the City of Chattanooga and §2-174(a) of the Chattanooga City Code provide that no employee would be suspended for longer than thirty days. Further, that by placing Weaver on leave as of March 29, Rowe effectively began her suspension as of that date, which made her suspension longer than thirty days. Petitioners, by amendment, sought a declaratory judgment "that the methodology and length of the suspension imposed on Capt. Tara Weaver violated the Charter of the City of Chattanooga and Chattanooga City Code."

In its Answer, the City basically admitted the facts contained in the Petition, but denied that any relief was warranted. In a transcript of the City Court hearing filed by the defendant, Rowe admitted that the time Weaver was off from March 29 to April 15 was treated as personal leave time, although not requested, and Rowe stated that "we can assign personal leave."

At the hearing before the Trial Court, the parties' attorneys agreed that the facts were basically undisputed as regarding the important dates. Further, that following the hearing before the City Council, the parties agreed that Weaver could return to work on May 15, 2006, as the ordinance only allowed a 30 day suspension.

Weaver's attorney insisted that the issue was whether her suspension actually started on March 29, when she was sent home, and whether the Department should have been allowed to treat the period from March 29 to April 15 as personal leave. The City attorney countered that if Weaver wanted to appeal the use of her personal leave, she should have filed a grievance, but Weaver's attorney responded that grievances could only be filed regarding suspensions, demotions, or dismissals.[1]

The Trial Court held that the Association had no standing, and that there would be no declaratory judgment. The Court then found that Weaver was sent home and not allowed to work from March 29 to April 11, and that she was adversely impacted when the Department decided to designate this as personal leave.

---

[1] The City ultimately agreed with this position in its Brief.

The Court, in its Final Order, found that the City's decision to place Weaver on personal leave from March 29 to April 11 "constituted and[sic] adverse impact and was unlawful under Chattanooga City Charter §13.45 and Chattanooga City Code §2-174(a)." The Court directed the City to restore Weaver's personal leave for that period.

On appeal, these issues are raised:

1.      Whether the Trial Court had jurisdiction to find that the appellant did not have authority to require Weaver to use her personal leave involuntarily?

2.      Whether the Trial Court had jurisdiction to order the City to reinstate said personal leave?

3.      Whether the Trial Court erred in finding that the Association lacked standing in the case and in refusing to issue a declaratory judgment?

Appellant argues that on a petition for writ of certiorari, the trial court's review power is limited. We have previously stated that, in such a situation, "the trial court may reverse or modify the Board's action only if the court concludes that the Board 'has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision.'" *Gross v. Gilless*, 26 S.W.3d 488, 492 (Tenn. Ct. App. 1999), quoting *Watts v. Civil Serv. Bd.*, 606 S.W.2d 274, 277 (Tenn. 1980), cert. denied, 450 U.S. 983 (1981).

Appellant argues that the Council did not make a decision on whether Weaver was inappropriately forced to use her personal leave time from March 29 to April 11. Weaver argues that the Council upheld Rowe's decision in its entirety, which encompassed the involuntary use of Weaver's personal leave and the impermissible length of the actual suspension.

Our review of the transcript of the City Council hearing demonstrates that the Council did, in fact, affirm Rowe's disciplinary action against Weaver in its entirety, including the length of the suspension. The attorneys argued to the City Council over the language of Chattanooga City Charter §13.45 and Chattanooga City Code §2-174(a), relating to the permissible length of a suspension, and whether the 30-day limit related to calendar days or work days. Also discussed, was whether the Fire Department could force an employee to take personal leave. The Chairperson then questioned whether the Council was being asked to decide both the propriety of the judgment as well as the type of discipline, including the length of the suspension, and the attorneys replied in the affirmative.

We conclude that the ruling of the Council upheld not only that the termination and insubordination occurred, but also upheld the discipline given in all respects, which included Weaver being sent home on March 29 and not allowed to work thereafter (even though her suspension

purportedly did not begin until April 16) and thus forced her to use her personal leave time during that period until the "official" start of her suspension.

Appellant argues that city employees can be placed on a leave of absence without pay, and shall be required to then use all earned compensatory leave and personal leave time prior to being placed on leave without pay. Chattanooga City Code §2-163. Also, that the heads of departments have discretion regarding the use of an employee's personal leave. Chattanooga City Code §2-161(e). Our review of these Code sections demonstrate that they speak in terms of an employee's request for a leave of absence without pay, and an employee's request for the use of personal leave time. In this case, it is undisputed that the employee made no request for leave for the time in dispute. We affirm the ruling of the Trial Court that the Council affirmed an unlawful discipline.

The Trial Court also directed the City to restore Weaver's personal leave for that time period, but the City argues this was improper. However it does not cite this Court to any authority for that position. This Court has often held that the inferior tribunal's decision may be reversed or modified upon a showing that the tribunal acted illegally or arbitrarily, or exceeded its authority, which was shown in this case. *See Gross.*

Finally, petitioner asserts that the Trial Court erred in finding that the Fire Fighters Association lacked standing, and in failing to issue a declaratory judgment. Petitioner asserts that the Trial Court overlooked the request for a declaratory judgment at the beginning of its Memorandum Opinion, and then when it was pointed out, the Court simply stated it would not grant the same without elaboration. Petitioner's Brief suggests the Association's fear that without guidance from the Court on the length of suspension issue, this situation will be repeated in the future, despite the City's concession in this case that Weaver's suspension should not have exceeded 30 calendar days.

As this Court has previously explained:

"It is well settled in this State that the courts decline a declaratory judgment where the question to be determined is based upon a contingency which may never occur." Otherwise the courts might wander into the "limitless field of advisory judgments." A declaratory judgment action will not lie based on future, remote, or uncertain probabilities.

*Fuller v. Campbell*, 109 S.W.3d 737,740 (Tenn. Ct. App. 2003)(citations omitted).

Essentially, the Association asked for an advisory opinion on a situation that they think might occur in the future. We hold that the Trial Court did not err in refusing to grant a declaratory judgment on this issue.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal

-4-

assessed to the City of Chattanooga.

                         _____

HERSCHEL PICKENS FRANKS, P.J.