# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
October 25, 2007 Session Heard at Maryville[1]


## JEREMY FLAX ET AL. v. DAIMLERCHRYSLER CORPORATION ET AL.


**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 02C-1288    Hamilton V. Gayden, Jr., Judge**

---

**No. M2005-01768-SC-R11-CV - Filed July 24, 2008**

---

Cornelia A. Clark, J., concurring in part and dissenting in part.

The heart-wrenching facts of this wrongful death/emotional distress case, which are adequately set forth in the majority opinion, need not be restated here. The tragedy visited upon this family is indeed great. The record, like the trial itself, is lengthy. The trial testimony is extensive and, at times, contradictory. The fact that the members of this Court disagree as to how to resolve some of the difficult legal issues–which are hotly contested–is no surprise. The case is complex on multiple levels and resolving the issues presented while attempting to achieve a just result has proven to be no easy task.


I.


In light of the settled principles discussed in Part II of the majority opinion, I fully concur in this part of the opinion, which affirms the Court of Appeals' reversal of the compensatory and punitive damage awards to Ms. Sparkman based on her negligent infliction of emotional distress claim. Like the majority, I believe that such claims must be supported by expert medical or scientific evidence as required by Camper v. Minor, 915 S.W.2d 437 (Tenn. 1996). The present case is no exception, notwithstanding the difficult circumstances experienced by Ms. Sparkman immediately following the accident. Although I agree with the plaintiffs that some circumstances obviously result in severe emotional distress, creating an exception to the heightened proof requirements of Camper would, in my view, undermine Camper's goal of bringing a measure of consistency and predictability to an area of the law that had become unwieldy precisely because of exceptions. See Camper, 915 S.W.2d at 445 (noting that ad hoc exceptions in emotional distress cases had "robbed the law of logic, consistency and fairness"). In my view, requiring all plaintiffs to meet the heightened proof requirements of Camper provides a much needed common thread in cases for negligent infliction

---

[1] Oral argument was heard in this case in Maryville, Blount County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

of emotional distress. Accordingly, the compensatory and punitive awards to Ms. Sparkman for her emotional distress cannot stand.

I further concur in that portion of Part IV of the majority opinion holding that the trial court erred in recognizing the plaintiffs' second failure to warn claim. The plaintiffs do not contend that the manufacturer of their minivan discovered problems with the seats after they purchased the vehicle. Thus, the case simply does not present facts necessary for us to consider the viability of a true post-sale failure to warn cause of action. For us to resolve that issue in the context of this case would be tantamount to giving an advisory opinion. See State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 193 (Tenn. 2000) (noting that courts are not to render advisory opinions). In order to have a justiciable controversy, a real question rather than a theoretical or hypothetical one must be at stake. Id. If the rule were otherwise, the "courts might well be projected into the limitless field of advisory opinions." Story v. Walker, 404 S.W.2d 803, 804 (Tenn. 1966) (internal citation omitted). It follows that deciding whether Tennessee common law should recognize a post-sale failure to warn claim must await another day.

I also concur in Part V of the majority opinion, which adopts the reasoning of the Court of Appeals in upholding miscellaneous evidentiary and other rulings of the trial court. These rulings concern the admission of similar incidents that occurred prior to the sale of the minivan, excluding accident data proffered by the manufacturer, the failure to grant a new trial as a sanction for purported discovery abuse by the plaintiffs, and not imposing a sanction for an invalid ad damnum clause in the complaint. Like the majority, I conclude that these largely collateral issues have no merit.

II.

Where I part ways with the majority is in its analysis of the punitive damages issue in Part III of the opinion. The jury awarded $5,000,000 in compensatory damages to the parents of Joshua for the child's wrongful death. The remitted amount of punitive damages awarded was $13,367,345 for the child's death. The majority affirms these awards, finding specifically that the punitive award is supported by clear and convincing evidence of recklessness and that the admission of twenty-five purportedly similar accidents after the minivan was sold is harmless error.

Concerning evidence of the post-sale accidents, I agree with all of my colleagues that the introduction of proof about those incidents was error. In my view, Justice Koch, in his separate opinion, properly emphasizes the frequency of references in plaintiffs' case to other allegedly similar incidents, and I specifically agree with him that, as to the finding of recklessness required in order to award punitive damages, the admission of the error did more probably than not affect the jury's decision to award punitive damages. Thus, the error cannot be deemed harmless under Tenn. R. App. P. 36(b). I concur in Justice Koch's analysis. Therefore, I would reverse the judgment of punitive damages and remand the case for a new trial on that issue.

While the introduction of the twenty-five post-sale accidents casts serious doubt on the legitimacy of the punitive award, it does not, in my view, destroy the jury's decision to find liability and award compensatory damages. The jury found the manufacturer liable on three grounds other than its breach of a post-sale duty to warn: (1) designing, manufacturing, and selling the minivan with defective seats,[2] (2) designing, manufacturing, and selling the minivan with unreasonably dangerous seats,[3] and (3) failing to warn at the time the vehicle was sold. I agree with the majority that, viewing the record as a whole, there is adequate evidence to support the jury's decision to impose liability and award compensatory damages, despite the introduction of the post-sale accidents. See State v. Mallard, 40 S.W.3d 473, 489 (Tenn. 2001) ("[W]hen looking to the effect of an error on the trial, we will evaluate that error in light of all of the other proof introduced at trial.").

Because compensatory and punitive damage awards serve vastly different purposes,[4] I have no difficulty affirming the compensatory award for the child's wrongful death. Although the improperly admitted evidence of post-sale incidents likely infected the jury's decision to deter and punish the manufacturer as an expression of moral condemnation, I do not believe the same can be said of the jury's decision to make the plaintiffs whole. That is, unlike with a punitive award, the reprehensibility of the manufacturer's actions in light of post-sale accidents was a nonfactor in evaluating whether to impose liability and calculate a compensatory award. Indeed, the entire concept of recklessness on the part of the manufacturer was irrelevant on those issues. Therefore, it is much less likely that the improperly admitted evidence tainted the jury's decision on issues having nothing to do with punitive damages. Accordingly, I would affirm the compensatory award for the child's wrongful death.

In summary, I concur with the majority on all issues except their affirmance of the punitive damages award. I would remand for a retrial only on the issue of punitive damages.

_____
CORNELIA A. CLARK, JUSTICE

---

[2]A defective product is one that has a condition rendering the product "unsafe for normal or anticipatable handling and consumption." Tenn. Code Ann. § 29-28-102(2) (2000).

[3]An unreasonably dangerous product is one that is "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition." Tenn. Code Ann. § 29-28-102(8) (2000).

[4]Compensatory damages are designed to make the plaintiff whole. Hodges, 833 S.W.2d at 902. In contrast, the purpose of punitive damages is to punish the wrongdoer and deter the wrongdoer and others from engaging in similar misconduct in the future. Id. at 900. Thus, unlike compensatory damages, an award of punitive damages is not designed to compensate the injured party. Id.