IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
December 12, 2013 Session

# IN THE MATTER OF B.M., C.M., AND C.R.

**Appeal from the Shelby County Circuit Court**
**No. CT-003183-12    Robert S. Weiss, Judge**

---

**No. W2013-00392-COA-R10-JV - Filed March 19, 2014**

---

This is an interlocutory appeal involving the trial court's subject matter jurisdiction. The juvenile court entered an order declaring three children dependent and neglected; the order included a no-contact provision as to the father of one of the children. The mother appealed the juvenile court's decision to the circuit court. After she filed the appeal to the circuit court, the father of the other two children filed a contempt petition in the circuit court asserting that the mother and the other father violated the no-contact provision in the juvenile court's order. The mother filed a motion to dismiss, alleging that the circuit court was without subject matter jurisdiction to hear a contempt petition arising out of the juvenile court's order. The circuit court denied the mother's motion to dismiss but did not reach the merits of the contempt petition. The appellate court granted the mother permission for an extraordinary appeal under Tenn. R. App. P. 10, to address only the circuit court's subject matter jurisdiction to adjudicate the petitioner father's contempt petition. After permission for the extraordinary appeal was granted, the circuit court held an evidentiary hearing and determined that the petitioner father's two children were not dependent and neglected. The circuit court then vacated the juvenile court's order as to those two children, including the no-contact provision. Under the circumstances, we find that the issue presented on appeal is no longer justiciable and that this Court improvidently granted permission for the Rule 10 appeal. Accordingly, we decline to address the issue presented and dismiss the appeal.

**Tenn. R. App. P. 10 Appeal by Permission; Appeal Dismissed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Rachael E. Putnam and Austin T. Rainey, Memphis, Tennessee for Respondent/Appellant C.R.M.

Robert E. Cooper, Jr., William E. Young, and Ryan L. McGehee, Nashville, Tennessee for Petitioner/Appellee Tennessee Department of Children's Services

## OPINION

### FACTS AND PROCEEDINGS BELOW

This appeal arises from a dependency and neglect proceeding. Respondent/Appellant C.R.M. ("Mother") is the mother of the three minor children at issue. M.M. ("Ex-Husband") is the biological father of two of the minor children, B.M. and C.M.; Mother and Ex-Husband were married and later divorced. J.P. is the biological father of the third child, C.R.; Mother and J.P. are not married but remained in a relationship at the time of the proceedings below.[1]

On June 18, 2011, J.P.'s infant child, C.R., was injured at Mother's home. Mother and J.P. explained that J.P. put the infant in a "bouncer" seat on top of a bed and then left the room, leaving the child unattended. While J.P. was out of the room, the child fell off the bed onto the floor. C.R. sustained severe injuries in the incident and J.P. and Mother eventually brought the child to the hospital. Due to the nature and extent of the injuries, hospital authorities reported the incident to the Tennessee Department of Children's Services ("DCS").

Less than a week later, DCS filed a petition in the Juvenile Court for Shelby County, Tennessee. Based on the injuries sustained by infant C.R., the DCS petition asked the Juvenile Court to declare all three children dependent and neglected. The Juvenile Court immediately entered an order removing all three children from Mother's care and taking them into protective custody. The Juvenile Court awarded temporary custody of B.M. and C.M. to Ex-Husband. The Juvenile Court permitted DCS to take infant C.R. into protective custody; the Juvenile Court order noted that DCS had entered into an immediate protection agreement with the child's maternal grandmother.

In January 2012, Ex-Husband filed an intervening petition in the Shelby County Juvenile Court, asking the Juvenile Court to declare his biological children, B.M. and C.M., dependent and neglected in Mother's care. Ex-Husband's dependency and neglect petition cited the same grounds as the DCS dependency and neglect petition.

---

[1]J.P. is not a party to this appeal.

In Spring 2012, the Juvenile Court held a hearing on both dependency and neglect petitions; the hearing was held over four non-consecutive days. In May 2012, the Juvenile Court apparently issued an oral ruling in which the Juvenile Court held that all three children were dependent and neglected and that infant C.R. had been subjected to severe abuse.

On May 21, 2012, Mother filed a notice of appeal of the Juvenile Court's decision to the Shelby County Circuit Court.[2] Several months later, on July 13, 2012, the Juvenile Court entered a written order memorializing its oral ruling.[3] The written order declared all three children dependent and neglected "due to the neglect by the mother and the severe abuse by [J.P.] of [C.R.]" The order granted Mother supervised parenting time with the children as arranged by the Exchange Club. The Juvenile Court's order expressly prohibited any contact between J.P. and all three children.

In January 2013, prior to a hearing in the Circuit Court on Mother's appeal, Ex-Husband filed a contempt petition against Mother and J.P. in the Circuit Court. Ex-Husband's petition alleged that Mother and J.P. violated the no-contact provision in the Juvenile Court's order.

In response to Ex-Husband's contempt petition, Mother filed a motion to dismiss asserting that the Circuit Court did not have subject matter jurisdiction to adjudicate the contempt petition. Mother argued in her motion to dismiss that, despite the appeal to the Circuit Court, only the Juvenile Court would have subject matter jurisdiction to enforce its order.

In February 2013, the Circuit Court held a hearing on Mother's motion to dismiss for lack of subject matter jurisdiction. After the hearing, the Circuit Court held that it had subject matter jurisdiction to adjudicate the contempt petition:

> [D]ue to the pending appeal of the Shelby County Juvenile Court Order finding the three minor children to be dependent and neglected, the Shelby County Circuit Court has subject matter jurisdiction to adjudicate the alleged contempt . . . and hear all other matters pertaining to custody, care, and control of the three minor children.

Mother immediately filed an application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure and also asked the appellate court to stay all

---

[2]A dependency and neglect appeal from the juvenile court to the circuit court is *de novo,* but the juvenile court record may be considered by the circuit court. Tenn. Code Ann. § 37-1-159(a) and (c) (2013).

[3] "A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d) (2013).

proceedings pertaining to the three minor children. While it considered Mother's application for extraordinary appeal, the appellate court granted the stay only as to trial court proceedings "seeking adjudication of allegations of contempt of the July 13, 2012 order of the [Juvenile Court] and seeking punishment for alleged violations of that order." The appellate court did not, however, grant a stay as to any other proceedings pertaining to the children.[4] In April 2013, the appellate court granted permission for a Rule 10 extraordinary appeal on the issue of whether the Circuit Court erred in denying Mother's motion to dismiss Ex-Husband's contempt petition for lack of subject matter jurisdiction. The appellate court's order noted that it had declined to issue a stay as to trial court proceedings on the care, custody and control of the children, so those matters were permitted to proceed in the trial court below.

In February and March 2013, the Circuit Court held evidentiary hearings on all matters pending before it except the contempt petition. On June 10, 2013, the Circuit Court entered an order adjudicating these matters. In this June 2013 order, the Circuit Court "reversed" and "vacated" the Juvenile Court's July 2012 order holding that Ex-Husband's children, B.M. and C.M., were dependent and neglected. The Circuit Court remanded the dependency and neglect petition as to these two children to the Juvenile Court for entry of an order of dismissal of the petition. As to J.P.'s child C.R., the Circuit Court held that the child was dependent and neglected in that he suffered an injury while in the care of Mother and J.P. and affirmed that holding of the Juvenile Court. However, the Circuit Court concluded that C.R.'s injuries were accidental and did not amount to severe abuse, so it reversed the Juvenile Court's order insofar as the Juvenile Court found severe abuse; the Circuit Court remanded that matter to the Juvenile Court for entry of a modified order to reflect the Circuit Court's holding. The Circuit Court also reversed in part the Juvenile Court's no-contact order, to permit J.P. to have contact with his child, C.R. It ordered DCS to monitor the care of C.R. in Mother's home for a 90-day period. During this 90-day period, the Circuit Court held, J.P. was to have no contact with B.M. and C.M., Ex-Husband's children. At the end of the 90-day monitoring period, the order provides, "the Department of Children's Services shall close their file incident to [C.R.]."

Thus, the Circuit Court's June 2013 order resolved all matters pending before the Circuit Court except for Ex-Husband's contempt petition against J.P. and Mother. No appeal was filed from the Circuit Court's June 2013 order.

---

[4]By that time, Ex-Husband had filed a petition to modify the parenting arrangement between himself and Mother with regard to his two biological children, B.M. and C.M., based on the same facts alleged in his Circuit Court contempt petition.

On appeal, Mother argues that the Circuit Court erred in denying her motion to dismiss Ex-Husband's contempt petition for lack of subject matter jurisdiction. In response, DCS argues that the issue for which the extraordinary appeal was granted is now moot. In the alternative, DCS maintains that the Circuit Court did not err in denying the motion to dismiss the contempt petition.

The issues presented are questions of law, which we review *de novo* with no presumption of correctness. *Nelson v. Wal-mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999); *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338-39 (Tenn. Ct. App. 2005) (citing *Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. 01A01-9807-CH-00357A, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999)).

## ANALYSIS

We first address the issue of justiciability, as it appears determinative of this appeal. While this case involved a live controversy when permission for the extraordinary appeal was granted, we must consider whether the proceedings that took place in the Circuit Court while this appeal was pending mooted the issue presented in this appeal.

Under our system of government, justiciability is fundamental to a court's exercise of its power:

> In general terms, the justiciability doctrine requires that cases must involve presently existing rights, live issues that are within a court's power to resolve, and parties who have a legally cognizable interest in the judicial resolution of the issues. Thus, courts will decline to provide judicial relief in cases that do not involve genuine existing controversies requiring the adjudication of present rights, and will likewise decline to render declaratory judgments to decide theoretical questions or render advisory opinions.

*Charter Lakeside Behavioral Health Sys. v. Tenn. Health Facilities Comm'n*, No. M1998-00985-COA-R3-CV, 2001 WL 72342, at *4 (Tenn. Ct. App. Jan. 30, 2001) (citations omitted). An overview of the various concepts involved in determining whether a case is justiciable:

> Concepts of justiciability have been developed to identify appropriate occasions for judicial action. Justiciability rulings often are attributed to limits on the judicial power created by Article III of the Constitution, reflecting the premise

that this power "is not an unconditioned authority to determine the constitutionality of legislative or executive acts." Other rulings reflect a refusal to exercise the judicial power even in cases within the reach of Article III, invoking prudential principles for wise administration of the power. This blend of power with prudence is regularly acknowledged. The central concepts often are elaborated into more specific categories of justiciability—advisory opinions, feigned and collusive cases, standing, ripeness, mootness, political questions, and administrative questions. . . . [T]he same concerns often can be reflected in the language of two or more of these categories. A ruling that a case is not justiciable because the former injury has vanished, for example, might be expressed by finding the case moot; by finding that the plaintiff lacks standing for want of injury; or by finding that the prospect of further injury in the future is not yet ripe.

13 Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 3529 (2d ed. 1984) (updated 2013) (footnotes omitted) (cited in **Charter Lakeside Behavioral Health Sys.**, 2001 WL 72342, at *4).

In order for the proceedings in a given case to continue, the same requirements for initiating litigation must be met. "A case must remain justiciable through the entire course of litigation, including any appeal." **Alliance for Native Am. Indian Rights in Tenn., Inc.**, 182 S.W.3d at 338 (citing **State v. Ely**, 48 S.W.3d 710, 716 n. 3 (Tenn. 2001)). "A case is not justiciable if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights." **Alliance for Native Am. Indian Rights in Tenn., Inc.**, 182 S.W.3d at 338 (citing **State v. Brown & Williamson Tobacco Corp.**, 18 S.W.3d 186, 193 (Tenn. 2000)). A case is rendered moot if it "has lost its justiciability because it no longer involves a present, ongoing controversy." **Alliance for Native Am. Indian Rights in Tenn. Inc.**, 182 S.W.3d at 338 (citing **McCanless v. Klein**, 188 S.W.2d 745, 747 (Tenn. 1945); **County of Shelby v. McWherter**, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996)).

Ex-Husband's contempt petition asserts that Mother and J.P. violated the no-contact provision in the Juvenile Court's July 2012 order. Necessarily, Ex-Husband's contempt petition relates to his two biological children, B.M. and C.M. The no-contact provision was based on the Juvenile Court's overall holding that all three children were dependent and neglected "due to the neglect by the mother and the severe abuse by [J.P.] of [C.R.]"

The Circuit Court's June 10, 2013 order essentially removed the underpinnings for Ex-Husband's contempt petition. It held that the incident that prompted the dependency and neglect petitions was merely an accident, "reversed" and "vacated" the Juvenile Court's holding that Ex-Husband's children, B.M. and C.M., were dependent and neglected, and

remanded the matter to the Juvenile Court for entry of an order dismissing the dependency and neglect petition as to Ex-Husband's two children. The Circuit Court's order included a new no-contact provision that ended after a short monitoring period that has long since passed. The Circuit Court's order was not appealed.

Meanwhile, the issue that was pending in the appellate court was the Circuit Court's denial of Mother's motion to dismiss Ex-Husband's contempt petition; the contempt petition accused Mother and J.P. of violating the no-contact provision of the Juvenile Court's order as to Ex-Husband's children. The Circuit Court held that it had subject matter jurisdiction to adjudicate Ex-Husband's contempt petition but refrained from doing so. Thus, at this time, the Circuit Court has never determined whether Mother violated the no-contact provision in the same Juvenile Court order that the Circuit Court later vacated.

On appeal, Mother argues that, absent a ruling by this Court that the Circuit Court would not have subject matter jurisdiction to adjudicate Ex-Husband's contempt petition, the Circuit Court might yet hold that Mother and J.P. violated the no-contact provision of the no-longer-extant Juvenile Court order. She cites the principle that a court order is not rendered void or unlawful simply because it is erroneous or subject to reversal on appeal and notes that she was charged with violating the order while it was still in place. *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth*., 249 S.W.3d 346, 355 (Tenn. 2008) (citing *In re Vanvaver,* 12 S.W. 786, 791 (Tenn. 1890); *Churchwell v. Callens,* 252 S.W.2d 131, 137 (Tenn. Ct. App. 1952)).

We think that Mother's argument relies on a "mere theoretical possibility" that she will be held in contempt of an order that was vacated by the Circuit Court for lack of any basis in fact. *Alliance for Native Am. Indian Rights in Tenn., Inc.*, 182 S.W.3d at 340. For us to rule on the issue presented in this appeal would in essence be rendering an advisory opinion or deciding an abstract legal question. This we decline to do. *Brown & Williamson Tobacco Corp.,* 18 S.W.3d at 193 (Tenn. 2000)("If the controversy . . . involves a theoretical or hypothetical state of facts, the controversy is not justiciable.") (citing *Story v. Walker*, 404 S.W.2d 803, 804 (Tenn. 1966)).

We note that this is not an appeal as of right under Rule 3 of the Tennessee Rules of Appellate Procedure. Rather, it is a permissive appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. To the extent that there remains any smidgen of a possibility that Ex-Husband might continue to attempt to pursue his contempt petition and that the Circuit Court might grant Ex-Husband's contempt petition, it no longer warrants a grant of permission for an extraordinary appeal under Rule 10. *Blackwell v. Comanche Const., Inc.,* No. W2012-01309-COA-R9-CV, 2013 WL 1557599, at *1, 9 (Tenn. Ct. App. Apr. 15, 2013) (permission under Rule 9 improvidently granted). Under the circumstances, we hold that this Court

improvidently granted permission for this interlocutory appeal under Rule 10 of the Tennessee Rules of Appellate Procedure. *Blackwell,* 2013 WL 1557599, at *9.

Accordingly, because the issue in this interlocutory appeal is no longer justiciable and this Court improvidently granted permission for the appeal under Rule 10 of the Tennessee Rules of Appellate Procedure, we dismiss the appeal. All other issues raised in this appeal are pretermitted by this decision.

## CONCLUSION

The appeal is dismissed. Costs on appeal are assessed one-half against Tennessee Department of Children's Services and one-half against Appellant C.R.M. and her surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE